**In re David Geoffery LANZONI, and Christie Marie Lanzoni, Debtors.**

**David Geoffery LANZONI, et al., Movants,**

v.

**ITT FINANCIAL SERVICES, Respondent.**

No. 86–00255–1.

United States Bankruptcy Court, W.D. Missouri, W.D.

Oct. 17, 1986.

James H. Thompson, Jr., Kansas City, Mo., for debtors/movants.

Timothy A. McNearney, Kansas City, Mo., for creditor/ITT Financial Services.

## ORDER AVOIDING LIEN

KAREN M. SEE, Bankruptcy Judge.

Debtors filed a Motion To Avoid Lien, alleging ITT Financial Services held a non-possessory, nonpurchase-money security interest in household goods and furnishings held primarily for personal, family or household use of debtors or a dependent of debtors pursuant to 11 U.S.C. §§ 522(b), 522(f)(2). ITT admits its security interest is both nonpossessory and nonpurchase-money but denies that debtors are entitled to avoid the lien, arguing that (1) debtors have no interest to exempt because they have no equity in the encumbered items, and (2) the items are not "household furnishings or household goods" within the meanings of 11 U.S.C. § 522(f) and §§ 513.-430, 513.440 and 513.475 RSMo.

The items subject to ITT's lien include a Sony television, stereo equipment (receiver, equalizer, turntable, speakers and a cassette player), a lawn mower, and a set of drums for debtor's personal use. Although the schedules and brief motion did not itemize the property, no objection was raised. The motion is not clear as to the drums, but the parties stipulated to facts about them at the hearing. The Court will, at the outset find the drum set is a musical instrument for debtor's personal use under 11 U.S.C. § 522(f) and § 513.-430 RSMo., and therefore, the lien on the drums is avoided. ITT's debt is scheduled as $2,889. The only evidence on value was debtor's testimony that the values of the above-described items totaled about $500. ITT did not present evidence on any issue, but rather, presented only argument. The court determines that ITT acquiesced to debtors' values.

Missouri has opted out of federal exemptions pursuant to 11 U.S.C. § 522(b) and § 513.427 RSMo., so the applicable exemption statute is § 513.430 RSMo., which states that certain property shall be exempt "to the extent of any person's interest therein." ITT's first argument is that under Missouri's exemption statute a "person's interest" in property means equity interest and therefore, debtors may avoid a lien only to the extent the value of the property exceeds the debt. ITT asks the Court to read § 513.430 RSMo. to preclude lien avoidance in this instance because debtors have no equity in the items.

Courts are split on interpretation of the term "interest" in exemption statutes. One line of cases does limit the exemption to a debtor's equity in the property. *See, e.g., In re Pine*, 717 F.2d 281 (6th Cir.1983);

*Matter of McManus,* 681 F.2d 353 (5th Cir.1982). The other line of cases, followed in the Western District of Missouri, defines the term "interest" in the exemption statute as a broad term including all legal, equitable, tangible and intangible interests and not limited only to debtor's equity interest. *In re Bland,* 793 F.2d 1172 (11th Cir.1986); *In re Hall,* 752 F.2d 582 (11th Cir.1985); *In re Maddox,* 713 F.2d 1526 (11th Cir.1983); *Matter of Lovett,* 11 B.R. 123 (W.D.Mo.1981); *Matter of Rasmussen,* 54 B.R. 965 (Bankr.W.D.Mo.1985); *In re Boyer,* 63 B.R. 153 (Bankr.W.D.Mo.1986). See also *Matter of Johnson,* No. 85–6152–CV–SJ–6 (W.D.Mo. Jan. 13, 1986), a recent District Court decision which reaffirms that in the Western District of Missouri the Missouri exemption statute is construed so that "interest" in property is not limited to equity interest, but rather gives debtors an interest in property even though the loan balance exceeds the value of the security. Accordingly, the Court finds that the "interest" of debtors is not limited to their equity interest.

 In its second argument ITT contends its lien cannot be avoided because the television, stereo equipment and lawn mower are not household goods. Neither Missouri exemption statutes nor the Bankruptcy Code define "household goods." Bankruptcy courts decide what constitutes household goods on a case-by-case basis. ITT urges the Court to adopt a new Federal Trade Commission definition of household goods (see 16 C.F.R. § 444.1(i)) and to apply it to § 522(f)(2) and Missouri's exemption statutes to restrict the types of property qualifying as household goods which can be exempted and on which liens can be avoided. The FTC trade regulation permits only one television and radio and excludes stereo equipment as household goods (here, the Sony is a second television in the household).

Apparently, ITT has targeted this argument for presentation in multiple bankruptcy proceedings. ITT has advanced, without success, identical arguments as to application of the FTC definition of "household goods" in numerous cases, including the present case plus six other cases pending before this Court; *In re Miller,* 65 B.R. 263 (Bankr.W.D.Mo.1986); *In re Boyer, supra* (Bankr.E.D.Mo.); and *Matter of Smith,* 57 B.R. 330 (Bkrtcy.N.D.Ga.1986).

Congress intended that when a state "opted out" of the federal exemptions, the property which could be set aside as exempt, and thus, the property in which a lien could be avoided under 11 U.S.C. § 522(f), would be defined by state law. The FTC trade definition should not be applied to limit the scope of the Missouri exemption statutes. As noted in *In re Boyer, supra* at 159, the FTC trade regulation was not promulgated for use in a bankruptcy context, but rather "reflects a cost benefit analysis of a credit practice involving all consumer debtors." This Court agrees with the rationale set forth in *Smith, supra,* and declines to be bound by this agency ruling unless so directed by Congress.

 The lawn mower, a universal piece of household equipment, is a household good. Stereo equipment, commonly found in American households, is in the same category as radios and televisions, which are used for family entertainment and are generally considered household goods. While not life support necessities, the stereo equipment is useful for family entertainment. The Court finds the stereo equipment, television, and cassette player are household goods under § 522(f) and the Missouri exemption statutes. Accordingly, the lien of ITT is avoided in those items as household goods and the drum set under § 513.430 RSMo as a musical instrument for personal use.