**In re Carl Michael GRAY & Kathrine Wanda Gray, Debtors.**

**Bankruptcy No. 87–05213–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

June 20, 1988.

Barbara Harris Pape, Columbia, Mo., for debtors.

Norman W. Lampton, Columbia, Mo., for ITT.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

A hearing was held on May 4, 1988, to determine Debtors' Motion to Avoid Lien of creditor, ITT, on certain items of Debtors' property given as security for a loan. The Bankruptcy Court held: (1) Debtors' property subject to ITT's security interest was properly exemptible under 11 U.S.C. § 522(f) as household goods with the exception of guns, a swimming pool, and sporting knives. (2) Debtors need not have an equity interest in the items in order to claim them as exempt under § 522(f), and (3) the value of the goods at the date of the filing of the bankruptcy did not exceed the amount of exemptions claimed by Debtors.

### FACTS

Debtors filed for relief under Chapter 7 of the Bankruptcy Code on December 3, 1987. On or about September 30, 1985 (subsequently refinanced June 18, 1987). Debtors borrowed $3,443.39 from ITT Financial Services. As security for such debt, ITT took a security interest in several items of Debtors' personal property including: 2 TVs, a VCR, a computer, a stereo, a CB radio base, an above the ground swimming pool, various tools and lawn equipment, luggage, a BBQ grill, hobby equipment, a phone, a swing set, auto repair equipment, several guns, and sporting knives.

Debtors proposed to avoid creditor, ITT's lien on these items of collateral pursuant to 11 U.S.C. § 522(b) and § 522(f). Without specifying which items it was referring to, ITT's answer to debtors' Motion asserted that the secured items were not "household goods" and that because the items were overencumbered, they could not be exempted. At the hearing on lien avoidance, ITT's only argument to the lien avoidance was that the value of the collateral claimed as exempt exceeded the allowed amount of Debtors' exemptions.

### LAW AND ANALYSIS:

A. Household Goods:

Missouri has opted out of the federal exemptions pursuant to 11 U.S.C. § 522(b) and Mo.Rev.Stat. § 513.427 (1986). Section 513.430 Mo.Rev.Stat. § 513.430 (1986), states that household goods held primarily for personal, family or household use of such person or a dependent of such person, are exempt up to $1,000.00 in the aggregate. Section 522(f)(2)(A) allows debtors in bankruptcy to avoid a nonpossessory, nonpurchase money security interest lien in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor to the extent an exemption is impaired. ITT admits its security interest is nonpossessory and nonpurchase money. However, ITT questions the inclusion of the collateral in the category of household goods.

Bankruptcy courts decide what constitutes household goods on a case-by-case basis. *In re Lanzoni,* 67 B.R. 58 (Bkrtcy. W.D.Mo.1986). An exemption under the category of household goods should be allowed for property necessary for a fresh start. *In re Norman,* 32 B.R. 562, 568 (Bkrtcy.W.D.Mo.1983). "[O]nly those personal goods necessary to the debtor's new beginning and of little resale value fit the federal bankruptcy philosophy embodied in

§ 522(f)(2)". *Matter of Thompson,* 750 F.2d 628, 631 (8th Cir.1984) (footnote omitted).

■ This Court holds that the guns, the swimming pool and the sporting knives are not "household goods". Guns have previously been held not to be household goods by the District Court in this district in *Oswald v. ITT Financial Services, Inc.,* 85 B.R. 541 (W.D.Mo.1986). *See also In re Cole,* 15 B.R. 322 (Bkrtcy.W.D.Mo.1981). This Court also finds that swimming pools are not household goods because they are purely recreational and not necessary for Debtors' fresh start. Therefore, the non-purchase money security liens on these items are not avoidable under § 522(f)(2)(A).

■ The other items of Debtors' property securing the loan from ITT are inherently of the type used for personal, family, or household purposes within the meaning of § 522. Therefore, in regard to the items not specifically excepted from the definition of household goods herein, it is

ORDERED:

1. Creditor has been afforded reasonable notice and opportunity for hearing on the motion.

2. Creditor holds a nonpossessory, non-purchase money security interest that impairs the exemption of the debtor in property of a kind described in § 522(f)(2)(A) of the Bankruptcy Code.

3. The Court finds that ITT's lien with respect to Debtors' property other than the guns, the swimming pool and the sporting knives is avoided to the extent it impairs the exemptions to which Debtors are entitled under 11 U.S.C. § 522(b).

B. Equity:

■ ITT argues, as it has unsuccessfully in this district in the past, that Debtors could only avoid a lien on secured household goods to the extent Debtors have equity in such goods. As both Judge Karen M. See and Judge Dennis J. Stewart have held, this Court is bound by the holding of the District Court in *Matter of Johnson,* Civil Action No. 85–6152–CV–SJ–6 (W.D.Mo., Jan. 13, 1986). *See In re Lanzoni,* 67 B.R. 58 (Bkrtcy.W.D.Mo.1986); *Matter of Vittetoe,* 64 B.R. 111 (Bkrtcy.W.D.Mo.1986); *cf. Matter of Rasmussen,* 54 B.R. 965, 972 (Bkrtcy.W.D.Mo.1985). In *Johnson,* the district court upheld its previous decision in *Matter of Lovett,* 11 B.R. 123 (W.D.Mo. 1981) that, "a debtor has an interest in property, under § 522(f), even though the creditor's loan may exceed the amount of the security". *Lovett,* at 124.

C. Valuation

■ At the hearing, ITT argued that the value of the collateral securing the loan it made to Debtors exceeds the amount of Debtors' allowed exemptions. ITT bases this contention on the values listed in Debtors' amended Schedule A–2 referring to creditors holding secured property.

The amount of exemptions allowed in Missouri for household goods is $1,000.00 in the aggregate. Mo.Rev.Stat. § 513.430(1) (1986). At the hearing, Debtors' attorney stated that the value of the collateral was not shown in the original petition and the values given in the amended Schedule A–2 reflected the value of the collateral at the time of the loan from ITT. The value of the items at the date of the filing of the bankruptcy petition had declined substantially and testimony was given by Debtor-husband at the hearing establishing the value of the items as of the date of the filing of the petition. The only evidence of value presented was debtor's testimony that the items totaled about $990.00, not including the guns, swimming pool, and pool equipment. ITT did not present any evidence of values to the contrary. Furthermore, courts have held that there is a rebuttable presumption that such household goods have little or no value. *In re Boyer,* 63 B.R. 153, 159 (Bkrtcy.E.D.Mo. 1986) *citing, Matter of Morris,* 12 B.R. 321, 351 (Bkrtcy.N.D.Ill.1981).

The court in *In re Lanzoni,* 67 B.R. 58 (Bkrtcy.W.D.Mo.1986) held that where a creditor presented only argument and no evidence of valuation, that creditor had acquiesced to debtors' valuation of encumbered items. In this case, ITT presented

no evidence of the value of the items, thus, they are bound by Debtors' evidence of value which is below the amount allowed under Missouri law for household goods.