**In re Robert Marshall RAY, Debtor.**

**Bankruptcy No. 89–20098–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Aug. 28, 1989.

Van B. Adams, California, Mo., for debtor.

John L. Hearne, Jefferson City, Mo., for Margaret Ray.

Jack E. Brown, Trustee, Columbia, Mo.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

The contested matter before the Court is the Motion To Avoid Fixing of Lien filed by Debtor Robert Marshall Ray ("Debtor"). Pursuant to Federal Bankruptcy Rules 9014, 9021, and 7052, the Court makes the following Findings of Fact, Conclusions of Law and Opinion.

### FINDINGS OF FACT

1. Debtor and Margaret Ray ("Mrs. Ray") were formerly husband and wife. A Petition for Dissolution of Marriage was filed on May 12, 1988, in the Circuit Court of Cooper County, Missouri, styled *In re the Marriage of: Margaret V. Ray, and Robert M. Ray*, Case No. CV188-60 DR. Subsequently, a Judgment Entry was entered by the Circuit Court of Cooper County on August 8, 1988, and was filed by the Circuit Clerk of Cooper County on August 25, 1988.

2. The Judgment Entry reflects that Debtor did not appear as part of the divorce proceeding and that the Judgment Entry was entered in default. The Judgment Entry awarded marital property to Mrs. Ray, as Petitioner, and Debtor, as Respondent, as follows:

2. The Petitioner is awarded the following marital property as her sole and separate property subject to any debt thereon:

a. 1988 Dodge automobile;

b. State employee retirement benefits;

c. Household goods and personal effects in her possession;

d. Petitioner's individual checking account;

e. Life insurance policy through the State of Missouri.

. . . . . .

4. The Respondent is awarded the following marital property as his sole and separate property subject to any debt thereon:

a. Farmall tractor;

b. AC217 tractor, subject to the debt thereon at the Missouri State Employees' Credit Union;

c. AC210 tractor, subject to the debt thereon at the Missouri State Employees' Credit Union;

d. 1982 GMC Diesel Truck;

e. 1976 Biltmore mobile home including the household goods and appliances presently remaining therein, subject to the debt thereon at Community Federal Savings & Loan;

f. Dairy barn;

g. Cattle trailer, subject to the loan at Peoples Bank of Jamestown, Missouri;

h. Respondent's personal effects;

i. Farm equipment, tools and fishing equipment.

In addition, the Judgment Entry made the following award:

7. Petitioner is granted judgment against Respondent in the amount of $13,000.00 as and for property division, said amount to be a lien on property set off to Respondent. Petitioner is to assign titles to vehicles set off to Respondent when judgment is paid in full.

3. Debtor filed his Chapter 7 bankruptcy petition on February 23, 1989. Debtor did not list the ownership of any real property in his schedules; he listed the following property in his *Schedule B–2—Personal Property:*

.    .    .    .    .

c. Deep freeze, woodstove.

.    .    .    .    .

e. Wearing apparel, 410 shotgun, .22 rifle, .12 ga. shotgun.

f. 1982 GMC pickup, 1974 Ranch King stock trailer.

.    .    .    .    .

i. Allis Chalmers tractor 1970 Model 210, Wagon, Allis Chalmers XT190 1968 model tractor, IH Farmall Tractor, plow, rotary hoe, misc. tools.

j. Office Equipment, etc.

.    .    .    .    .

m. Biltmore Mobile Home 1976 Model.

.    .    .    .    .

Debtor listed the following property in his *Schedule B–4—Property Claimed As Exempt:*

Household goods—Deep freeze, woodstove.

Wearing apparel.

Guns—410 shotgun, .22 rifle, .12 gauge shotgun.

Automobile—1982 GMC pickup.

Machinery, farm—Allis Chalmers 210 1970 Model; Wagon, Allis Chalmers XT190 1968 Model tractor, IH Farmall Tractor, plow, rotary hoe, miscellaneous tools. Mobile Home—1976 Model Biltmore Mobile Home.

4. On May 12, 1989, Debtor filed his Motion to Avoid Fixing of Lien seeking to avoid the lien granted by the Circuit Court of Cooper County in the Judgment Entry in the following property:

Deep freeze, woodstove, wearing apparel, .410 shotgun, .22 rifle, .12 gauge shotgun, 1982 GMC pickup, Allis Chalmers tractor 1970 Model 210, farm wagon, Allis Chalmers XT190 1968 model tractor, IH Farmall tractor, plow, rotary hoe,

miscellaneous tools, office equipment and 1976 Bilt More Mobile Home.

Mrs. Ray responded to the Motion, admitting that she was a creditor of Debtor, and denying all other allegations of the Debtor.

5. A hearing was convened on the contested matter on July 5, 1989, at which time appearances were entered on behalf of Debtor and Mrs. Ray.

CONCLUSIONS OF LAW

1. The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. Section 1334 and 11 U.S.C. Section 522, and may enter final orders in this core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(K).

2. All of the property listed by the Debtor as exempt is personal property.

3. Paragraph 7 of the Judgment Entry awarded Mrs. Ray judgment in the amount of $13,000.00 against Debtor. This judgment was a property settlement and not in the nature of alimony, maintenance or support.

4. The Judgment Entry secured the property settlement by granting Mrs. Ray a lien and by allowing Mrs. Ray to retain an interest in the titles to the vehicles set off to Debtor.

5. The provisions of the Judgment Entry securing the property settlement with lien constitute a judicial lien as Defined in 11 U.S.C. Section 101(32).

6. The judicial lien granted to Mrs. Ray pursuant to the Judgment Entry does not attach to the personal property of Debtor pursuant to Missouri law, nor does the judicial lien otherwise impair the exemptions claimed by Debtor. Therefore, the judicial lien does not impair Debtor's exemptions and need not be avoided pursuant to 11 U.S.C. Section 522(f)(1).

7. The provisions of the Judgment Entry that expressly grant Mrs. Ray a lien and that allow her to retain an interest in the titles to vehicles set off to Debtor do not constitute agreements granting liens as defined in 11 U.S.C. Section 101(45). Therefore, the express lien and the reservation of interest in the titles to Debtor's

vehicles granted to Mrs. Ray do not impair any of the exemptions claimed by Debtor that are enumerated in 11 U.S.C. Section 522(f)(2)(A), (B), or (C) and need not be avoided pursuant to 11 U.S.C. Section 522(f)(2).

## OPINION

The matter before the Court is the Debtor's motion pursuant to 11 U.S.C. Section 522(f)(1) and (f)(2) to avoid the interests held by his ex-wife in property which Debtor claims exempt. The Judgment Entry entered by the Circuit Court for Cooper County, Missouri, provides the basis for identifying the extent and nature of Mrs. Ray's claim. It is undisputed that Mrs. Ray is a creditor of the Debtor, as her claim arises out of the Judgment Entry. The Judgment Entry clearly evidences that the debt owing to Mrs. Ray is not alimony, maintenance or support, but rather, a property settlement. Thus, her claim against Debtor is not protected by the provisions of 11 U.S.C. Section 523(a)(5) and is dischargeable. *In re Rice*, 94 B.R. 617 (Bankr.W.D. Mo.1988).

The Judgment Entry also evidences the existence of interests in property of the Debtor that secure Mrs. Ray's claim. Although her claim is dischargeable, the liens, if any, securing Mrs. Ray's claim survive the discharge granted to Debtor unless they are avoided by the Debtor. *In re Hydorn*, 94 B.R. 608 (Bankr.W.D.Mo. 1988).

Thus, the Court must determine whether the Debtor has satisfied the provisions of 11 U.S.C. Section 522(f)(1) and (f)(2) in order to avoid the interests of Mrs. Ray in his exemptions. The critical issue before the Court in this matter is whether Mrs. Ray's interests impair Debtor's exemptions.

### SECTION 522(f)(1)

Pursuant to 11 U.S.C. Section 522(f)(1), the elements that must be satisfied by the Debtor in determining whether Mrs. Ray's interests shall be avoided are as follows:

1. Has the Debtor claimed exemptions to which he is entitled?

2. If so, does a judicial lien exist?

3. If so, has that judicial lien become fixed such that it impairs the Debtor's exemptions?

*Boyd v. Robinson*, 741 F.2d 1112 (8th Cir. 1984). In order to benefit from the provisions of Section 522(f)(1), Debtor must first show that he is entitled to those exemptions that he is seeking to take free from the interests of his ex-wife. The record of this case shows that no specific objections to Debtor's exemptions were timely filed; a review of the exemptions claimed by Debtor shows that he is entitled to exempt the property listed in his schedule under Missouri law.

The provisions of Mo.Rev.Stat. Section 513.427 limit Debtor to exemptions allowed by the laws of the State of Missouri and, except for those allowed under the Bankruptcy Code, exemptions permitted under federal law. At the hearing on this matter, it was disclosed that Debtor no longer possessed office equipment. Accordingly, it is not necessary for the Court to determine whether Debtor could exempt that property. Debtor's deep freeze, woodstove, and wearing apparel are household goods necessary for a fresh start and thus exempt under Mo.Rev.Stat. Section 513.430(1). *In re Gray*, 87 B.R. 591, 592 (Bankr.W.D.Mo. 1988). Debtor's 1982 GMC pickup is exempt under Mo.Rev.Stat. Section 513.-430(5). Representations were made at the hearing on this matter that Debtor is engaged in the business of farming; thus, he is entitled to exempt the Allis Chalmers tractor 1970 Model 210, farm wagon, Allis Chalmers XT190 1968 model tractor, IH Farmall tractor, plow, rotary hoe, and miscellaneous tools pursuant to Mo.Rev.Stat. Section 513.430(4). It also appears that Debtor's 1976 Bilt More Mobile Home is his principal residence and exempt under Mo. Rev.Stat. Section 513.430(6). While Debtor's .410 gauge shotgun, .22 gauge rifle, and .12 gauge shotgun are not exempt household goods, *Gray*, 87 B.R. at 593, Debtor is not limited to the type of property that may be exempted under Mo.Rev. Stat. Section 513.430(3); thus Debtor's guns are exempt pursuant to that section. In summary, Debtor has claimed exemp-

tions that are allowed under the laws of the State of Missouri.

The next step in the analysis under Section 522(f)(1) requires the identification of the nature of Mrs. Ray's claim against Debtor's exemptions. 11 U.S.C. Section 101(33) defines a lien as "a charge against or interest in property to secure payment of a debtor or performance of an obligation". As reflected in the legislative history of Section 101(33), the Bankruptcy Code envisions three types of mutually exclusive liens: a judicial lien, a security interest, and a statutory lien. 11 U.S.C. Section 101(32) defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding". In Paragraph 7 of the Judgment Entry, Mrs. Ray was expressly granted a lien on property set off to Debtor. Although this lien was granted in specific property, it arose solely as the result of the Judgment Entry. Thus, Mrs. Ray's interest in Debtor's property is a judicial lien that was created as the result of the Judgment Entry.

In *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir.1984), the debtor sought to avoid the interest of his ex-spouse resulting from the judgment of the state family court. The exemption at issue was the debtor's homestead, which had been acquired during the marriage. The Eighth Circuit determined that the state court's decision did not grant the ex-spouse a judicial lien, but that it protected a pre-existing right in the homestead under Minnesota law which the ex-spouse acquired during the marriage. In addition, the Court noted that the Minnesota legislature had enacted statutory provisions that included the decree of dissolution of marriage within the definition of a mortgage. Thus, the Court found that the interest of the ex-spouse could not be avoided.

The matter at hand is distinguishable from *Boyd*. Unlike the ex-spouse in *Boyd*, Mrs. Ray was not granted an interest in Debtor's homestead; indeed, Debtor does not own real property and did not take a homestead exemption. Thus, the Judgment Entry does not protect a pre-existing

homestead like that right which was protected in *Boyd;* instead, it evidences the intent to secure the dollar amount awarded as a property settlement. In addition, Missouri does not have statutory provisions like those in Minnesota that were interpreted in *Boyd*. Therefore, the Court must conclude that the interest held by Mrs. Ray is a judicial lien as it is defined in Section 101(32).

The final step in the analysis under Section 522(f)(1) requires a determination of whether the judicial lien has become "fixed" against the Debtor's exemptions in such a manner that the exemptions are "impaired". The Bankruptcy Code does not define the terms fixed or impaired. In *Boyd*, the Eighth Circuit interpreted the term "fixed" as used in Section 522(f)(1) to mean "attached" such that a debtor could avoid a judicial lien if it has attached to the debtor's exemptions. *Boyd*, 741 F.2d at 1113.

Under this interpretation, the Court concludes that Mrs. Ray's judicial lien has not attached to Debtor's exemptions. All of the exempt property claimed by Debtor is personal property, including Debtor's mobile home. Under Missouri law, a mobile home remains personal property until such time as it becomes permanently attached to real property. Mo.Rev.Stat. Section 700.-110.1; *Cattoor v. Wells*, 641 S.W.2d 492 (Mo.App.1982). There is nothing in the record that reflects the fact that Debtor's mobile home has become a permanent part of real property. Accordingly, all of the Debtor's exemptions are personal property.

According to Missouri law, a judicial lien does not attach to personal property until such time as the property has been seized under the execution and levy process. *Cochenour v. Cochenour*, 717 S.W.2d 531, 532 (Mo.App.1986); Mo.Rules Civ.Pro. 76.07. No evidence was presented to the Court which would show that Mrs. Ray had begun execution against or had levied upon Debtor's personal property in satisfaction of her judicial lien. Section 522(f)(1) authorizes the avoidance of only those judicial liens that have attached to property because it is the attachment that

impairs the exemption. Because Mrs. Ray's judicial lien has not attached to nor become fixed against Debtor's interest in his exemptions, it does not impair Debtor's exemptions. *In re Earnhardt*, 15 B.R. 86, 87 (Bankr.S.C.1981). Accordingly, the Court need not avoid Mrs. Ray's judicial lien.

■ The Court's conclusion on this issue does not, however, give Mrs. Ray the opportunity to enforce her judicial lien against Debtor's property subsequent to the closing of this case. Debtor's monetary obligation to her has been discharged pursuant to 11 U.S.C. Section 524(a) and Section 727(b); the provisions of 11 U.S.C. Section 524(a)(2) permanently enjoin Mrs. Ray from enforcing the judicial lien. In sum, although Mrs. Ray's judicial lien need not be avoided pursuant to Section 522(f)(1), other provisions of the Bankruptcy Code prohibit the enforcement of the lien. This result follows from the conclusion that the judicial lien had not attached to Debtor's interest prior to the filing of the bankruptcy petition.

### SECTION 522(f)(2)

■ Pursuant to 11 U.S.C. Section 522(f)(2), the elements that must be satisfied in order to avoid Mrs. Ray's liens are as follows:

1. Has the Debtor claimed exemptions to which he is entitled?

2. If so, does a non-purchase money, non-possessory security interest exist?

3. If so, has that security interest become fixed such that it impairs an exemption of the type of property that is enumerated in Sections 522(f)(2)(A), (B) or (C)?

*In re Gray*, 87 B.R. 591 (Bankr.W.D.Mo. 1988) interpreting 11 U.S.C. Section 522(f)(2) provides for the avoidance of a non-purchase money, non-possessory security interest in a limited number of exemptions. Like Section 522(f)(1), the first step in the analysis under Section 522(f)(2) requires a determination of whether the Debtor has properly allowed exemptions. As discussed above, Debtor's designated exemptions are allowed under Missouri law.

The second analytical step under Section 522(f)(2), like that of Section 522(f)(1), requires the identification of Mrs. Ray's interest. As stated above, one of the three types of liens encompassed in the definition of a lien is a security interest. 11 U.S.C. Section 101(45) defines a security interest as a "lien created by agreement". Some courts have determined that a lien arising out of a settlement agreement memorialized in the form of a court judgment is in the nature of a security interest. *In re Bland*, 91 B.R. 421 (N.D.Ohio 1988); *Wicks v. Wicks*, 26 B.R. 769 (Bankr.Minn.1982), aff'd 31 B.R. 591 (D.Minn.1983). The determining factor in these cases is whether the parties agreed to the entry of the judgment.

In the matter at hand, paragraph 7 of the Judgment Entry expressly granted a lien to Mrs. Ray, but this does not appear to have been the result of an agreement of the parties. Rather, as clearly stated on the face of the Judgment Entry, Debtor did not answer or otherwise enter an appearance in the divorce proceedings. Accordingly, the express lien granted to Mrs. Ray was not created by agreement and does not constitute a security interest as defined in Section 101(45). The express lien granted in the Judgment Entry cannot be treated as a security interest like those at issue in *In re Bland* and *Wicks v. Wicks*.

In addition to the express lien granted in the Judgment Entry, paragraph 7 also states:

> Petitioner [Mrs. Ray] is to assign titles to vehicles set off to Respondent [Debtor] when judgment is paid in full.

This provision apparently reflected the situation that the vehicles at issue in the divorce proceedings were titled in the names of both Debtor and Mrs. Ray when they were acquired. In essence, this provision in the Judgment Entry allowed Mrs. Ray to retain an interest in the vehicles to secure payment of her property settlement. Thus, the Judgment Entry created a charge or implied lien in Mrs. Ray's favor that is

consistent with the definition of a lien under Section 101(33).

However, like the express lien granted in paragraph 7 of the Judgment Entry, the implied lien was not granted to Mrs. Ray as the result of an agreement, but as the result of the default entry of judgment. Although Mrs. Ray's ownership interest in the vehicles may have been originally created as the result of an agreement, the existence of any current interest in the vehicles of the Debtor arose out of judicial action. Thus, like the express lien granted in paragraph 7, the implied lien cannot be treated as a security interest because it was not granted as the result of an agreement.

In addition, the only way to perfect a security interest in motor vehicles is to make a notation of the lien on the certificate of title. Mo.Rev.Stat. Section 400.9–302(3) and 400.9–302(4). There was no showing made that any such perfection occurred for the benefit of Mrs. Ray. Accordingly, Mrs. Ray would be accorded the same status as an unperfected lender who failed to note its lien interest on the certificate. Since the Chapter 7 Trustee could defeat the interest of such party who failed to perfect an interest in vehicles, Debtor would have had the power to defeat the interest under 11 U.S.C. Section 522(h). At best, Mrs. Ray has either an unperfected lien or a nonconsensual judicial lien.

Therefore, Section 522(f)(2) is not applicable to Mrs. Ray's interests in Debtor's exemptions because neither the express lien nor the implied lien constitutes a perfected security interest. Since Mrs. Ray does not hold a security interest in Debtor's exemptions, there is no need to avoid the interests of Mrs. Ray under Section 522(f)(2). Like the effect of the Court's ruling under Section 522(f)(1), the effect of the Court's ruling under Section 522(f)(2) does not harm the Debtor. The Court has determined that Mrs. Ray does not have a security interest that impairs Debtor's exemptions and she shall be prevented from pursuing any action against Debtor in the future pursuant to Sections 524 and 727.

## SUMMARY

The Court has determined that the provisions of Sections 522(f)(1) and (2) are inapplicable to the present matter because the judicial lien of Mrs. Ray does not impair Debtor's exemptions and because she does not hold a security interest in Debtor's exemptions. For this reason the provisions of Sections 522(f)(1) and (f)(2) need not be invoked to provide protection for Debtor's exemptions. The Court's ruling should not be interpreted as a determination that Mrs. Ray's interests are not avoided, but rather, as a determination that her interests do not impair the exemptions. Because Mrs. Ray shall be permanently enjoined by the provisions of Section 524 from enforcing her interests in Debtor's exemptions, the net effect of the Court's ruling is the same as if the interests were indeed avoided—the Debtor's exemptions shall not be subject to the claims of Mrs. Ray. Accordingly, the Debtor's Motion to Avoid Fixing of Lien is hereby DENIED for the reasons stated herein.

The foregoing constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.