In re Morris O. McCORMMACH, Debtor.

**Bankruptcy No. 389–00079–H7.**

United States Bankruptcy Court, D. Oregon.

March 2, 1990.

Brent G. Summers, Portland, Or., for debtor.

Bruce E. Anderson, LaGrande, Or., for creditor.

Robert E. Ridgway, Pendleton, Or., Trustee.

### OPINION

HENRY L. HESS, Jr., Chief Judge.

The issue before the court is whether a mortgage executed by the debtor pursuant to the terms of a stipulated decree of disso-

lution may be avoided under § 522(f)[1] as a judicial lien impairing the debtor's homestead exemption. The debtor was represented by Brent G. Summers of Portland, Oregon. The creditor, Christine Heiden, was represented by Bruce E. Anderson of La Grande, Oregon.

The facts are as follows: The marriage between the debtor and Christine G. Heiden was dissolved pursuant to a stipulated decree of dissolution. Under the stipulated decree, the debtor was to receive the family residence. As part of the property division, the parties agreed that the debtor would pay to Heiden the following, which was incorporated in paragraph 7 of the decree:

> c. The sum of Fifteen Thousand Dollars ($15,000) cash on or before three (3) years from date [sic]. This obligation shall bear no interest, but shall be secured by a second mortgage on the homestead property described in attached Exhibit "B".
>
> d. The sum of Fourteen Thousand Four Hundred Dollars ($14,400) which shall be payable at the rate of Three Hundred Dollars ($300.00) per month beginning three (3) years from date [sic] and continuing each and every month thereafter until the entire $14,400 is paid in full. The obligation shall bear no interest, but shall be secured by a second mortgage on the homestead property described in Exhibit "B".

The debtor executed and delivered the mortgage contemplated by the decree. He now seeks to set aside the mortgage under § 522(f) as a judicial lien[2] which impairs his homestead exemption, citing *In Re Pederson*, 875 F.2d 781 (9th Cir.1989). *Pederson* is distinguishable on its facts. In *Pederson*, the operative document which created the lien was the dissolution decree. In the instant case, however, the lien was not created by the terms of the decree. Instead, the mortgage contemplated by the decree is the instrument which creates the lien and makes the lien enforceable.[3]

The debtor argues that the lien created by the mortgage is still a judicial lien because, but for the dissolution proceedings, the lien would not have arisen. He submits that the lien therefore was "obtained by [an] equitable proceeding" within the meaning of § 101(32).

Resolution of the issue depends upon how expansively the term "judicial lien" is read. This court does not believe that Congress intended to prevent a state divorce court from making an equitable division of the property of the parties which could survive a later bankruptcy of one of the parties. Therefore, the term "judicial lien" should not be broadly interpreted to include a consensual lien merely because execution of the consensual lien was contemplated by a dissolution decree. The state courts must have some means of dividing property without running afoul of § 522(f).

The court holds that the mortgage executed by the debtor was effective to divide the marital property. It does not constitute a judicial lien within the meaning of § 101(32), and therefore may not be avoided under § 522(f).

An appropriate order will be entered.

1. Unless otherwise indicated, all statutory references are to title 11 of the United States Code.

2. Judicial lien is defined in § 101(32) as a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

3. *Pederson* was decided under Washington law. Because the instant case is factually distinguishable from *Pederson*, this court need not address whether a lien created by a dissolution decree of an Oregon court would be avoidable as impairing a homestead exemption under section 522(f). It could be argued that under Oregon law, a dissolution decree imposing a lien for the purpose of dividing property must be treated as a partition action. ORS 107.105(f). The case of *Dressler v. Dressler*, 261 Or. 265, 493 P.2d 1053 (1972) supports the proposition that a homestead exemption is ineffective against a partition judgment. Therefore, it is possible that a lien created solely by an Oregon dissolution judgment may not be avoidable as impairing a homestead exemption because the exemption is unavailable against such a lien.