In re Robert W. SHOWINSKY, Debtor.

Bankruptcy No. HM 90–90086.

United States Bankruptcy Court, W.D. Michigan.

July 31, 1990.

William B. Ferns, Osstyn, Bays & Ferns, Marquette, Mich., for debtor.

Lisa J. Brouillette, Brouillette Law Office, Iron Mountain, Mich., for creditor Lesperance.

## OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This opinion was originally issued orally from the bench on July 25, 1990. As it addressed a highly topical area of bankruptcy law, it is now being supplemented with this written opinion.

## FACTS

The Debtor and his former wife, Lisa Lesperance, were married for approximately 15 years. In the latter part of 1988, the Debtor was sued for divorce. On March 7, 1989, the parties had an uncontested final divorce hearing, at which time the terms of their settlement were put on the record. As evidenced by the transcript of that hearing, the Debtor was to receive the marital home and was to pay $10,000 to Ms. Lesperance within 30 days of entry of the final order, in anticipation of refinancing the home. If the money was not paid within that time period, interest was to accrue at the rate of 12% per annum. On July 5, 1989, the parties' divorce judgment was entered by the Circuit Court for Dickinson County, Michigan.

As it turned out, the Debtor was not successful in his attempt to refinance the home, and so he did not make the $10,000 lump sum payment. On March 8, 1990, pursuant to the terms of the divorce, Ms. Lesperance quit-claimed her interest in the marital home to the Debtor, and she also reserved a lien in the deed for $10,000 plus 12% per annum interest.

On March 26, 1990, the divorce judgment was amended to provide that the $10,000 payment and accrued interest "shall be alien [sic] on the real estate awarded to the Defendant" and that the "award may be recorded as a lien against the above described property by the recording [of] this Judgment in the Register of Deeds Office or by filing a lien." Amended Divorce Judgment at 3, *Showinsky v. Showinsky* (No. D88–6089–DM).

On April 6, 1990, the Debtor filed his Chapter 7 bankruptcy petition. In his schedules, the home is listed at a market value of $38,000, with Manufacturer's Hanover Services holding a first mortgage for approximately $23,000. In addition, the Debtor listed Ms. Lesperance as a creditor to whom he owed a debt of $10,000 plus interest, secured by the house. Also, under 11 U.S.C. § 522(b), the Debtor elected to utilize the federal exemptions, and has claimed $6,566 pursuant to 11 U.S.C. § 522(d)(1).

On May 11, 1990, the Debtor filed a motion to avoid Ms. Lesperance's lien, pursuant to 11 U.S.C. § 522(f). On May 21, 1990, Ms. Lesperance filed a motion objecting to the Debtor's claim of exemptions. A hearing was held on the related matters on May 23, 1990. At that time, counsel for the Debtor stated that there is currently a purchase agreement on the home for $36,500. That hearing was adjourned until July 25, 1990, so that the parties could brief the legal issue of whether the lien arising out of the parties' property settlement can be avoided under § 522(f). Since that time, both parties have submitted briefs.

## LIEN AVOIDANCE UNDER § 522(f)

First, I would like to mention that the Sixth Circuit has not issued a decision on this issue, but at least four other circuits have ruled on it. In three cases, the liens were avoided: *In re Sanderfoot*, 899 F.2d 598 (7th Cir.1990); *In re Pederson*, 875 F.2d 781 (9th Cir.1989); and *Maus v. Maus*, 837 F.2d 935 (10th Cir.1988). In one case, *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir. 1984), the Court refused to recognize the former spouse's lien as a § 522(f) judicial lien. While these decisions are helpful, they are not conclusive. The quirks of divorce law vary from state to state, and each one of these decisions was based in part on the statutes from the rendering state and the divorce proceedings themselves. Therefore, the ultimate resolution of the dispute before me lies in the statutes of this state regarding divorce proceedings and the divorce judgment between these

two parties, as they are determinative of the nature of Ms. Lesperance's lien. Those two items will determine whether the Debtor can now implement § 522(f). In addition, under 28 U.S.C. § 1738, this Court must give full faith and credit to the state court judgment to the same extent as would Michigan courts.

The parties dispute whether Ms. Lesperance's lien is a judicial lien as contemplated by § 522(f). For the purposes of this opinion, the relevant portion of that section states:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien;

That language gives rise to three requirements: first, the lien must have attached to an interest of the Debtor in property; second, that the lien impairs an exemption of the Debtor's; and third, that the lien is a judicial lien. *Sanderfoot* at 601. Ms. Lesperance contends that none of these requirements are met, while the Debtor takes the opposite position, asserting that all three requirements have been met.

*1. Does the lien attach to an interest of the Debtor in property?*

■ As to the first requirement, Ms. Lesperance contends that her original interest in the home survived the divorce proceeding and is protected by her lien. The Debtor disagrees, contending that the property settlement extinguished her interest in the home, and that her lien attached to his interest in the home. To resolve that dispute, I would like to quote some relevant exchanges from the transcript of the final divorce hearing. The first series of exchanges were between Ms. Lesperance and her attorney:

> Q: And you would also receive a cash sum payment from your husband of $10,000?
> A: Yes.
>
> \* \* \* \* \* \*
>
> Q: And you would receive a mortgage against—basically a second mortgage

against the home. Do you understand that?
> A: Yes.
>
> \* \* \* \* \* \*
>
> Q: With regard to the items that your husband will receive, he will receive the home?
> A: Yes.
> Q: Subject to your mortgage, is that your understanding?
> A: Yes, it is.
>
> \* \* \* \* \* \*
>
> Q: You hesitated when we reached the sum of $10,000 that's to be awarded to you. Basically, the way we reached that is by totalling all the assets and dividing it in two, is that correct?
> A: Yes.
> Q: And do you believe that the award of property to you, including the $10,000 is 50 percent of the marital assets?
> A: Propertywise, yes.

Divorce Hearing Transcript at 11, 16. The second exchange I find relevant occurred between the Debtor and his attorney:

> Q: And is it your understanding that you're going to receive the marital home in this marriage?
> A: Yes.
> Q: And you're going to pay your wife the sum of $10,000, assuming you can get refinancing, and if you are unable to do so, you're going to pay $10,000 to your wife at 12 percent interest, and that once Becky turns 18, the house will have to be sold and you will then have, assuming you have not sold the house sooner than that, owe your wife $10,000 with interest accruing at the rate of 12 percent?
> A: Yes.

*Id.* at 29. The judge then questioned the Debtor:

> Q: So you'll either be refinancing the home and paying off your wife or you'll be selling the home now?
> A: Right.
> Q: And paying off the $10,000?
> A: Mm-hmm.

*Id.* at 33. After listening to the terms of the settlement as testified to by the parties, the judge ordered the following:

> Basically, the Defendant father is awarded the home. He in turn shall pay the Plaintiff mother—Plaintiff wife the sum of $10,000 if he's able to refinance the home at this time.... Within 30 days of the entry of judgment, the $10,000 obligation will still be present but interest shall begin to run on it at the rate of 12 percent per annum until the Defendant pays the Plaintiff in full. She shall have a second lien on the premises as long as there is any obligation owing to her.

*Id.* at 38. From this provision, it appears that the state court judge was acting in accordance with Mich.Comp.Laws § 552.19, which states:

> Upon the annulment of a marriage, a divorce from the bonds of matrimony or a judgment of separate maintenance, the court may make a further judgment for restoring to either party the whole, or such parts as it shall deem just and reasonable, of the real and personal estate that shall have come to either party by reason of the marriage, or for awarding to either party the value thereof, to be paid by either party in money.

In addition to the statements made by the state court judge, the divorce judgment states that the Debtor received the marital home "free and clear of any claims of the Plaintiff" and that "the Defendant shall be responsible for any debts, obligations and encumbrances associated therewith and Plaintiff shall be held harmless." Amended Divorce Judgment at 3–4, *Showinsky v. Showinsky* (No. D88–6089–DM). In other words, the Debtor was awarded the marital home in full, and Ms. Lesperance was awarded the value of her interest in the marital home, to be paid by the Debtor. To ensure that Ms. Lesperance would be paid, the judge granted her a lien on the home and ordered that the home would be refinanced or sold by the time the parties' minor child attained 18 years of age. Thus, the lien of Ms. Lesperance attached to the Debtor's interest in the home, and the first requirement of § 522(f) is met.

### 2. Does the lien impair the Debtor's exemption?

As to the second requirement under § 522(f), the lien must impair the Debtor's homestead exemption, and can be avoided to the extent that the exemption is impaired. The Debtor has claimed $6,566 the net proceeds due seller as his exemption. Since Ms. Lesperance's lien is in excess of $10,000, her lien does impair the Debtor's exemption. Thus, under § 522(f), the lien can be avoided to the extent of $6,566.

### 3. Is the lien a judicial lien?

As to the final requirement under § 522(f), the lien must be a judicial lien. The Bankruptcy Code defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(32). Ms. Lesperance argues that since the divorce was uncontested and the parties entered their settlement on the record without judicial intervention, the Debtor granted Ms. Lesperance a consensual lien that does not qualify as a judicial lien for the purposes of § 522(f). I find that argument to be extraneous, as the definition of a judicial lien contains no requirement that the lien be involuntary. Ms. Lesperance's lien was obtained through a judgment of the state circuit court pursuant to a divorce proceeding, and thus qualifies as a judicial lien under the language of § 101(32).

### CONCLUSION

As all three requirements of § 522(f) have been met, the Debtor's motion to avoid the lien of Ms. Lesperance is granted, and her objection to his claim of exemptions is denied. If this result seems harsh, Congress and not this Court should amend 11 U.S.C. § 522(f). An order is being prepared by counsel for the Debtor, and will be entered upon presentment.