**In re Lupita
SHESTKO–MONTIEL, Debtor.**

**Ernest R. MONTIEL, Movant,**

v.

**Lupita SHESTKO–MONTIEL,
Respondent.**

**Bankruptcy No. 90–02459–TUC–LO.
"M" No. 90–1286.**

United States Bankruptcy Court,
D. Arizona.

Jan. 31, 1991.

Michael Strauss, Tucson, Ariz., trustee.

Richard Burris, Tucson, Ariz., for Ernest Montiel.

Michael Barton, Tucson, Ariz., for Lupita Shestko–Montiel.

## OPINION

LAWRENCE OLLASON, Bankruptcy Judge.

Movant sought relief from stay to foreclose on a real property lien awarded to him in the pre-petition dissolution of his marriage with the debtor. Debtor objected and moved for avoidance of that lien pursuant to 11 U.S.C. section 522(f). Movant asserts that the obligation secured by the lien is in the nature of support or maintenance. The relevant facts are not disputed.

Generally stated, the divorce court awarded all of the community obligations and all of the community property to the debtor wife. The property division, however, required the debtor wife to pay the movant approximately $58,000. That obligation was to be secured by a second lien on the former marital residence. Rather than merely decree that such a lien was imposed, however, the state court ordered the debtor wife to sign a deed of trust creating the contemplated security interest. The wife's signature was not immediately given, but was eventually compelled by the dissolution tribunal. The divorce decree made no specific provision for maintenance or support.

This case aptly illustrates the terror that bankruptcy can work upon the state court's division of community property in a marital dissolution proceeding. Though all the debt was awarded to the debtor wife, her petition in bankruptcy will discharge those obligations. Her creditors will then look to her former spouse, and the result will be the same as if all the debt had been awarded to the non-debtor husband.

A review of the debtor's schedules seems to indicate that the equity in the marital residence comprised the bulk of the community's assets, and most if not all of that equity was awarded to the non-debtor husband by virtue of the lien. Should that lien be avoided in this proceeding, the debtor

wife will effectively capture all of the community assets, which, because of her state law exemption rights, will be beyond the reach of her creditors. The result will be the same as if all of the property had been awarded to the debtor wife.

■ The avoidability of a lien imposed in a marital dissolution proceeding was considered by the Ninth Circuit in *In re Pederson*, 875 F.2d 781 (9th Cir.1989). The decree of dissolution at issue there awarded the marital residence to the debtor "as his sole and separate property." The dissolution court then awarded a judgment for $8,000 to the debtor's spouse "in order to equalize the division of property...." *Id.* at 784. To impose a security interest upon the residence, the court ordered that the judgment "shall constitute a lien upon [that] separate property...." *Id.* at 783. The *Pederson* court concluded that the Bankruptcy Code required avoidance of a judicial lien securing such a debt. *Id.* at 784.

In reaching its conclusion, the *Pederson* court discussed a contrary holding by the Eighth Circuit in *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir.1984). In denying avoidance of a similar lien, the *Boyd* court reasoned that the husband had an interest in the property before the dissolution, before the award of the property to the wife, and before the lien was imposed. *Boyd* therefore concluded that the lien given in the divorce proceeding attached only to the husband's pre-existing interest in the property, not to any interest of the debtor spouse, and not to property of the estate. As such, the liened interest did not impair any exemption of the debtor. *Id.* at 1114. The *Pederson* court explained the flaw it found in the *Boyd* court's reasoning as follows:

> In *Boyd*, the husband's lien could not have attached to his pre-existing interest in the property because the state court awarded the house to the wife as her separate property before imposing the lien. At the time the court promulgated its divorce decree, any interest the husband may have had in the wife's property disappeared; since only the bankrupt

wife continued to have an interest in the property, the lien of necessity attached only to her interest in it. *Pederson*, 875 F.2d at 783.

Movant has seized upon that language as the basis for an exception to the rule announced in *Pederson*. The dissolution court in the instant case awarded the real property to the debtor wife "subject to a second lien in favor of respondent to secure the amounts hereinafter set forth." Decree of Dissolution, Pima County Superior Court Cause No. D–069455, at page 2. Movant argues a distinction between an outright award of realty followed by imposition of a lien, and an award of realty that remains subject to a lien. In the latter case, neither spouse ever obtains an interest entirely free of the other. A purchase of property subject to a lien means that a pre-existing lien continues to encumber the property after its purchase. In the marital dissolution context, an award of property subject to a lien means that the spouse with the lien retains, rather than obtains, an interest in the property by virtue of a judicial determination. The implication of movant's argument is that the state court did not award the real property to the debtor spouse, but instead awarded only part of it, and that the liened equity is not property of the debtor or her estate in bankruptcy.

The argument recognizes a significant difference between the typical judgment lien of a creditor and a lien that arises from a marital dissolution. In the former circumstance, an unsecured creditor obtains an interest in real property of the judgment debtor under state law by recording the judgment, thus substantially improving its position. In the latter circumstance, a spouse's prior fee interest in real property is demoted and relegated to the status of a mere lien.

The defect in movant's argument is that the circuit court's holding in *Pederson* was based upon the plain language of the relevant statutes, not the dicta discussing the reasoning in the *Boyd* decision, which was also rejected by the Tenth Circuit in *Maus v. Maus*, 837 F.2d 935 (10th Cir.1988). Be-

cause the state court awarded sole title to the wife, the court in *Maus* held that the lien awarded to the husband attached solely to her interest. The court noted that the authority of state courts to award marital property to one spouse "clearly defeats the theory of a pre-existing property interest which is not extinguished by the divorce decree." *Id.* at 939.

The judicial lien which is subject to avoidance under 11 U.S.C. section 522(f) is defined by the Bankruptcy Code as a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. section 101(32). Considering the language of that code section, distinctions based on the language of a state court dissolution decree would elevate form over substance and convert a section 522(f) inquiry into an analysis of whether the drafting of the decree was artful enough to allow survival of the lien protecting its property distribution. Regardless of the nature and extent of the real property interest held by the non-debtor husband before the divorce, he now has only a lien. The lien arose from litigation and it is a judicial lien clearly within the language of section 522(f).

■ Movant also urges a departure from the *Pederson* holding because the state court in the case at bar did not merely impose by decree the lien to which the award of property would be subject, but instead ordered that "a trust deed shall be prepared, executed, and delivered to secure payment of the same." Decree of Dissolution, *supra,* at 3. Movant argues that the lien is not a judicial lien because it was created by debtor's signature on a document prepared for that purpose. That signature, however, was not willingly given, but was instead compelled by an order of the state court. Accordingly, it was obtained through injunctive relief, entered by the state court sitting as a court of equity. Movant's lien, having been "obtained by judgment ... or equitable process," is thus a judicial lien. Congress has provided that judicial liens securing the division of marital property are avoidable under section 522(f). *See Pederson,* 875 F.2d at 784.

Although the application of federal bankruptcy law to the facts of this case clearly defeats all that the state court attempted to do in the dissolution proceeding, it is a result consistent with a grander Congressional scheme. A post-dissolution bankruptcy in a community property state usually compels the other spouse to petition for relief as well because creditors will turn to the non-debtor spouse for satisfaction after being discharged by the spouse to whom the debt was awarded. If the exempt property has been divided evenly, both spouses will generally emerge from bankruptcy with equivalent assets. This result will, of course, fail if the exempt assets of the community are awarded to a single spouse, notwithstanding the imposition of a lien. To manifest its intent in a manner that will survive bankruptcy, the state court must order exempt property sold and the proceeds divided as it sees fit, with possession vested in one spouse pending the sale.

Even if a lien such as that possessed by the movant were to survive his former spouse's bankruptcy, such a result would ultimately prove to be of little benefit to him. Following the debtor's discharge, the marital creditors would pursue him. Were he to then petition for relief also, in order to discharge the obligations originally awarded to the debtor wife, his note and lien on the former marital residence would be an asset of his bankruptcy estate. The note and lien would not be exempt as a homestead because he would not then reside in the home, and it would be sold for the benefit of creditors.

■ This court is all too aware of the enormous impact of debtor's bankruptcy upon the dissolution decree. The state court's distribution of assets and obligations has in fact been completely obliterated and replaced by something resembling the opposite of what was contemplated. *Pederson* recognized that the bankruptcy code includes a remedy for circumstances where a debtor has "filed in an abusive fashion." *Pederson,* 875 F.2d at 784. *See*

 

*also* 11 U.S.C. section 707 *and In re Kelly,* 841 F.2d 908 (9th Cir.1988).

The question of abuse can be particularly difficult for a bankruptcy court to apply with consistency in the post-dissolution bankruptcy context. Even a petition filed solely to evade a dissolution decree or continue anti-spousal litigation until all forums have been exhausted can look just like thousands of other petitions, each seeking to do only what is specifically contemplated by the Bankruptcy Code. The instant case appears to be entirely consistent with the situations for which Congress intended a fresh start. Substantial abuse is not evident where a clearly insolvent debtor seeks to discharge an obligation that Congress intended to be dischargeable, and to avoid a lien that Congress intended to be avoidable.

■ Movant finally urges the court to conclude that the obligation secured by the lien on debtor's residence is in the nature of support or maintenance, and thus nondischargeable under 11 U.S.C. section 523(a)(5), notwithstanding that the dissolution decree made no specific provision for maintenance or support. This court is aware that a dissolution decree may award no maintenance or support in contemplation of a substantial property distribution, and that the characterization in the dissolution decree does not control the inquiry. Although it would appear to this court that the obligation secured by the lien may have been, in whole or part, in the nature of support, that determination would best be made by the forum of expertise in the matter.

Accordingly, the issue regarding whether the lien awarded in the dissolution decree, or any part of it, is in the nature of support or maintenance will be remanded for a determination by the state court that presided over the dissolution proceeding. Because this opinion has not considered or decided the avoidability of a lien securing a non-dischargeable obligation in the nature of support or maintenance, the question of avoidance will be determined after return from remand. The lift stay motion will be denied without prejudice to renew should the lien survive that determination. This opin-

ion shall constitute this court's findings of fact and conclusions of law.

SO ORDERED.