**In re Arthur Blake BRANTON, Debtor.**

**Arthur Blake BRANTON, Plaintiff,**

**v.**

**GENERAL ELECTRIC CREDIT AUTO LEASE, INC., Defendant.**

**Bankruptcy No. 81–00273.**
**Adv. No. 82–0071.**

United States Bankruptcy Court,
D. Vermont.

Aug. 20, 1982.

Timothy J. Wells, White River Junction, Vt., for Gen. Elec. Credit Auto Lease, Inc.

Mark R. Butterfield, Rutland, Vt., for debtor.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

General Electric Credit Auto Lease, Inc., filed a Complaint to Modify the Automatic Stay prescribed by 11 U.S.C. § 362 so that it would be permitted to foreclose a mortgage on the real estate of the Debtor situated in the Town of Mt. Holly, Vermont. The Debtor countered with a Complaint to Avoid the Lien of General Electric Credit Auto Lease, Inc. pursuant to 11 U.S.C. § 522(f). Both Complaints were heard at the same time, after notice.

The facts appear to be undisputed. On June 4, 1979 General Electric Credit Auto Lease, Inc., instituted a suit against the Debtor in the District Court of Vermont to recover its rent due under a lease agreement between the parties covering a motor vehicle and after the default of the Debtor as defendant the Court entered Judgment against him in the sum of $4,004.43 plus $60.56 interest, costs of $17.85, plus attorney's fees of $626.58. The Plaintiff then caused a copy of the Judgment Order to be filed in the Office of the Town Clerk of the Town of Mt. Holly on April 10, 1980.

Under Title 12, Vermont Statutes Annotated, § 2901, a final judgment issued in a civil action shall constitute a lien on any property of a judgment debtor if recorded. § 2904 of Title 12 provides that a judgment creditor may record a judgment lien at any time within eight years from the date the judgment becomes final in the town clerk's office of the town where the real estate of the debtor is located.

Under Schedule B–4 the Debtor has claimed as exempt the real estate upon which the lien was created by virtue of the aforesaid judgment. This exemption is based on 11 U.S.C. § 522(d) which exempts the debtor's interest not-to-exceed $7,500.00 in value in real property that the debtor uses as his residence. General Electric Credit Auto Lease, Inc., argues that the lien created by virtue of the aforesaid state statute is not a judicial lien and, therefore, it cannot be avoided by the Debtor. The Court does not agree.

Under § 522(f) of the Bankruptcy Code the Debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of § 522. As such, the lien is a judicial lien. As indicated above, under subsection (b), the debtor may exempt not-to-exceed $7,500.00 in real property which he uses as a residence.

A judicial lien is clearly defined under § 101(27) of the Bankruptcy Code as a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. (Underscoring supplied.) Case law also supports the position of the Debtor that the lien obtained by General Electric is a judicial lien and may be avoided if it impairs an exemption. See *Naples v. London,* 1980 BC Conn. CCH Bank.L.Rep.Sec. 67422.

Further, it has been held that a lien obtained by recording of confession of judgment is a judicial lien under § 101(27) not purchase money security interest in nature and is subject to avoidance under § 522(f)(1). *In Re Jones,* Bkrtcy.E.D.Pa., 13 B.R. 945.

See also *In Re Laird,* Bkrtcy.E.D.Pa., 6 B.R. 273, 2 C.B.C.2d 1299, 1302 as follows: "With respect to the first issue, section 522(f)(1) of the Code provides that a debtor may avoid a judicial lien to the extent that it impairs an exemption which he has claimed. Section 101(27) of the Code defines a judicial lien as a 'lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.' In the instant case the lien of Krupp on the fund held by the state court arose, under Pennsylvania law, as a result of the attachment proceedings instituted by Krupp. Therefore, that lien is clearly a judicial lien within the meaning of section 101(27)."

In sum the Debtor is entitled to avoidance of the lien of the General Electric Credit Auto Lease, Inc., insofar as it impairs his exemption to the value of $7,500.00 in the real estate in Mt. Holly, Vermont used as his residence.

General Electric does, however, contend that there is equity in this real estate over and above any liens and the $7,500.00 exemption claimed by the Debtor. Therefore, a continued hearing is being noticed on the Complaint for Relief from Stay for the purpose of determining whether in fact there is equity in the real estate which may be foreclosed by it.

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the Judgment Lien of the General Electric Credit Auto Lease, Inc., on the residence of the Debtor in Mt. Holly to the value of $7,500.00 is avoided.