ARNOLD, Circuit Judge.
By order of a state court in a marriage-dissolution proceeding, Bruce Robinson acquired a $7,000 lien on the homestead he shared with his former wife, Jeanine Boyd. This appeal raises the question whether this lien is avoidable under 11 U.S.C. § 522(f)(1) of the Bankruptcy Code. We affirm the District Court’s [1] holding that the lien was not avoidable under this section of the code, 31 B.R. 591. We hold that the lien did not attach to any “interest of the debtor in property,” as that phrase is used in Section 522(f).
I.
Prior to her marriage to Robinson in 1970, Boyd was the sole owner of her house located in White Bear Lake, Minnesota. During the marriage Boyd and Robinson lived together in the house. In 1979, following commencement of a divorce proceeding, Robinson moved out. On June 30, 1981, the state court granted the petition for marriage dissolution and determined that:
The homestead, which was purchased by the wife prior to marriage and retained in her name after marriage, with all of the mortgage payments and other improvements coming out of the marital assets should be awarded to her subject to a lien for one-half of the equity [acquired] by the parties together after marriage.
Designated Record (D.R.) 27.
The court set the amount of Robinson’s lien at $7,000. It reached this figure by first determining the amount that Boyd would have to transfer to Robinson to split the marital assets evenly (about >$5,200) and then added to this the amount of non-marital funds that Robinson had spent to add a garage and driveway to the house (about $1,800).
After the divorce decree, Boyd filed a chapter 7 petition for bankruptcy, claiming her entire homestead as exempt under Minnesota law. She later instituted an adversary bankruptcy proceeding seeking to avoid Robinson’s lien on the homestead. The Bankruptcy Court, 26 B.R. 772, concluded that this lien is a “judicial lien” under the Bankruptcy Code, § 522(f)(1), and allowed Boyd to avoid the lien. The District Court reversed, holding that the lien is neither a judicial lien nor an impairment of an interest of Boyd’s. Specifically, it found that Robinson’s property interest in the homestead arose by virtue of Minn. Stat.Ann. § 518.58 (West Supp.1984), which charges the family court to make a “just and equitable division of the marital property.” [2]
II.
Section 522(f)(1) of the Bankruptcy Code, 11 U.S.C. § 522(f)(1) (1982), provides:
Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is— (1) a judicial lien ....
Section 101(27) defines “judicial lien” as a
lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.
For present purposes, section 522(f)(1) establishes two requirements for avoiding a lien: (1) the lien must attach to an interest of the debtor in exempt property; (2) the lien must be a judicial lien. In applying the first requirement to this case, we hold *1114 that the lien imposed by the state court does not attach to an interest of Boyd’s, but rather protects a pre-existing interest of Robinson’s in the homestead that was created under Minnesota law prior to the marriage dissolution. Therefore, we hold that the lien is not avoidable under § 522(f)(1).
Under Minnesota law Robinson had a pre-existing interest in the homestead in several respects. First, under Minn.Stat. Ann. § 507.02 (West Supp.1984), a married owner may not convey a homestead without the signatures of both husband and wife. Thus, by virtue of his marriage to Boyd, Robinson acquired an interest in the homestead by which he could either approve or reject the conveyance of the homestead by Boyd. Further, under Minn.Stat. Ann. § 525.145 (West Supp.1984), Robinson had an inchoate property interest in the homestead (like what we used to call curte-sy) which would have vested upon Boyd’s death during the marriage.
Second, Robinson’s contributions to the house during the marriage also served to create an interest in the homestead. Robinson used non-marital funds to construct a driveway and a garage. The state court set the value of these contributions at $1,756. While Boyd and Robinson did not have an express agreement that Robinson would acquire an interest in the homestead as a result of his contributions, such an agreement is not necessary in the marital setting. When two people marry and become a corporate community, they need not make express contracts as to joint purchases.
Third, Robinson used part of his salary to make the mortgage payments and contributed his labor to constructing the garage and driveway. While these are contributions of marital property, under Minnesota law it is assumed that marital property is shared property. Under Minn.Stat. Ann. § 518.58 (West Supp.1984), the court is to make a “just and equitable division of the marital property,” and it is “conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property while they were living together as husband and wife.” This statute recognizes that each spouse has an undivided interest in marital property from the time it is acquired. Thus, Robinson had an undivided interest in the equity of the homestead acquired through marital funds. Indeed, the state court found that Robinson was entitled to one-half of that equity, which was $9,452, but reduced this amount to $7,000 in order to make an even division of all the marital property.
Additional confirmation of this interpretation of Minnesota law is provided by two statutes recently enacted by the Minnesota Legislature. Minn.Stat.Ann. § 287.01 (West Supp.1984) defines “mortgage” to include “a decree of marriage dissolution or an instrument made pursuant to it,” and Minn.Stat.Ann. § 287.03 (West Supp.1984) declares that “a decree of marriage dissolution or an instrument made pursuant to it, relating to real estate, shall be valid as security for any debt.” These statutes provide greater protection for property rights created during the marriage and determined in a dissolution proceeding.
In summary, we agree with the District Court that Minnesota law recognizes a spouse’s property interest in homestead property acquired with marital assets or assets contributed by that spouse during the marriage. We do not believe that this interpretation of Minnesota law is either a subterfuge to avoid the effect of § 522(f) or would license a state to establish property doctrines that would circumvent this section. This interpretation is based upon substantive grounds and is not a mere verbal classification. The proposition that a spouse has a property interest in homestead property acquired during the marriage is hardly startling or unique to Minnesota. Such an interest recognizes the corporate status of the marriage, the sharing of marital assets, and the responsibility that each spouse has to contribute to the marriage.
The lien created by the family court to protect Robinson’s interest in the homestead did not attach to an interest of *1115 Boyd’s. It simply recognized, and provided a remedy to enforce, a pre-existing property right in the marital home. The lien is not avoidable under § 522(f)(1).
The judgment of the District Court is affirmed.

. The Hon. Miles W. Lord, Chief Judge, United States District Court for the District of Minnesota.

. We of course normally defer to a district court’s interpretation of the law of its own state.