In the Matter of Michael Robert
HOLTZHAUSER, Debtor.

Michael Robert
HOLTZHAUSER, Plaintiff.

v.

Janet L. HOLTZHAUSER, Defendant.

Bankruptcy No. BK89–40174.
Adv. No. A89–4049.

United States Bankruptcy Court,
D. Nebraska.

June 26, 1990.

Robert B. Creager, Lincoln, Neb., for
Michael Robert Holtzhauser, debtor/plain-
tiff.

Richard J. Butler, Lincoln, Neb., for Jan-
et L. Holtzhauser, defendant.

## MEMORANDA

JOHN C. MINAHAN, Jr., Bankruptcy
Judge.

THIS MATTER comes before the court
for a determination of whether the debtor
may avoid under 11 U.S.C. Section 522(f), a
lien on his residence held by his former
spouse under a divorce decree. I conclude
that the lien is not avoidable.

## FACTS

The debtor, Michael Robert Holtzhauser,
and his former spouse, Janet L. Holtzhau-
ser, were married on December 13, 1980.
The debtor purchased the residence before
the marriage and Ms. Holtzhauser paid the
downpayment of $6,203.16. The parties
were divorced on December 3, 1988.

The state court divorce decree awarded
the residence to the debtor, and found that
there was $16,940.00 equity in the resi-
dence. The state court found that both

parties had an interest in the $16,940.00 equity. The court found that Ms. Holtzhauser was entitled to a return of the $6,203.16 downpayment she had made on the residence and that the remaining equity of $10,736.84 should be divided equally, each party being entitled to $5,368.42. The divorce decree granted a judgment in favor of Ms. Holtzhauser in the amount of $11,571.58, and held that the judgment should be a lien on the residence. Mr. Holtzhauser filed this bankruptcy case less than one (1) year after the entry of the state judgment. Mr. Holtzhauser, debtor, seeks to avoid the lien of Ms. Holtzhauser under Section 522(f) on the theory that the lien impairs debtor's homestead exemption.

## DISCUSSION

I conclude that the lien held by Ms. Holtzhauser on the debtor's residence is not avoidable.

■ In relevant part, Section 522(f) provides that a bankruptcy debtor:

> may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [applicable state law] if such lien is ... a judicial lien.

Ms. Holtzhauser holds a lien under Nebraska law upon the debtor's residence by the express terms of the divorce decree. The lien also arises under Neb.Rev.Stat. Section 42–371 (1988) which applies in divorce proceedings and provides that all judgments and orders for the payment of money constitute liens upon all real property and certain personal property of the judgment debtor. The lien is thus a judicial lien under 11 U.S.C. Section 101(32). There is no factual basis from which to conclude that the lien is a consensual lien. The debtor's residence does qualify for the homestead exemption under Neb.Rev.Stat. Section 40–101 (1988).

The debtor's position is straightforward. The divorce decree provides Ms. Holtzhauser with a lien on debtor's residential real estate and the lien impairs the debtor's homestead exception. Since the lien is a judicial lien under Section 101(32) and it impairs the homestead exemption to which the debtor is entitled under Section 522(b), the debtor asserts that the lien should be avoided under Section 522(f).

I conclude that the lien is not avoidable. The decision of the eighth circuit in *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir.1984) is controlling on this issue. In *Boyd*, on facts essentially the same as the facts in this case, the eighth circuit, over the strong dissent of Judge Ross, held that the lien in debtor's homestead was not avoidable under Section 522(f) because the lien did not attach to an interest of the debtor in exempt property. The court reasoned that the lien pursuant to the divorce decree:

> does not attach to an interest of [the debtor], but rather protects a pre-existing interest of [the non-debtor spouse] that was created under Minnesota law prior to the marriage dissolution..... The lien created by the family court to protect [the non-debtor spouse's] interest in the homestead did not attach to an interest of [the debtor's]. It simply recognized, and provided a remedy to enforce, a pre-existing property right in the marital home.

*See Boyd*, 741 F.2d at 1114–15.

The decision of the eight circuit in *Boyd* has been criticized not only by Judge Ross in his dissent, but also by a recent decision of the United States Court of Appeals for the Tenth Circuit in which a similar divorce lien was avoided under Section 522(f). *See Maus v. Maus*, 837 F.2d 935 (10th Cir.1988) (rejecting the "convoluted theory" of *Boyd*). The *Boyd* decision has also been distinguished on similar facts by the United States Bankruptcy Court for the Western District of Missouri. *See In re Porter*, 112 B.R. 979 (Bkrtcy.W.D.Mo.1990). However, I conclude that *Boyd* is binding precedent controlling on the facts of this case. In all relevant respects, Nebraska law and Minnesota law are similar.

Although the expressed rationale in *Boyd* has been questioned, I conclude that its result is correct under the facts of this case and Nebraska homestead laws.

A lien may be avoided under Section 522(f) only if it "impairs an exemption to which the debtor would be entitled ..." under applicable state or federal law. Under Nebraska law the debtor may not invoke the homestead exemption in the home owned during the marriage, against the claims of his former spouse under a divorce decree. First, as a matter of statutory construction, I conclude that the homestead exemption provided in Neb.Rev.Stat. Section 40–101 exempts the homestead only from general judgment liens which arise under Neb.Rev.Stat. Section 25–1301 (1985) et seq. The homestead exemption does not exempt the homestead from judgment liens which arise in divorce proceedings under the more particular Neb.Rev.Stat. Section 42–371.

Second, it has long been established under Nebraska law that the homestead exemption cannot be asserted to defeat the claim of a former spouse for alimony. In 1898 the Nebraska Supreme Court stated:

> The husband's right to an exempt homestead cannot, we think, be asserted against the wife, who has been forced by his aggression to leave his domicile, and who, in an action for divorce, has obtained a judgment for alimony against him. The homestead law is a family shield, and cannot be employed by either spouse to wrong the other.

*Best v. Zutavern*, 53 Neb. 604, 74 N.W. 64 (1898). I conclude that the rationale of *Best v. Zutavern* is not limited to claims for alimony. It should be extended to all claims for money judgments under a Nebraska divorce decree, including a claim for child support. *See In re Adams*, 29 B.R. 452 (Bkrtcy.N.D.Iowa 1982).

I therefore conclude that the judicial lien of the debtor's former spouse in debtor's homestead may not be avoided under 11 U.S.C. Section 522(f). Under the eighth circuit's decision in *Boyd*, the lien protects a pre-existing interest of the non-debtor spouse. Further, the lien does not impair an exemption which could be asserted by the debtor under the facts of this case. Although the homestead exemption could be asserted against other creditor's, it may not be asserted against a former spouse if the judicial lien arises from a divorce decree. A separate order will be entered consistent herewith.