**In re James Robert DALE, a/k/a J.R. Dale, a/k/a J.R. Dale Farm, Debtor.**

**Bankruptcy No. 6–92–602.**

United States Bankruptcy Court, D. Minnesota.

March 23, 1993.

Kevin T. Duffy, Duffy Law Office, Thief River Falls, MN, for debtor.

Robert Bigwood, Pemberton, Sorlie, Sefkow & Rufer, Fergus Falls, MN, Robert Vaaler, John S. Fostero, Vaaler, Warcup, Woutat, Zimney & Foster (Chartered), Grand Forks, ND, for Carol Dale.

*ORDER DENYING LIEN AVOIDANCE, VOIDING RECORDING OF JUDGMENT AND PARTIALLY GRANTING RELIEF FROM STAY*

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on the 19th day of January, 1993, on the debtor's motions to avoid Carol Dale's lien on the debtor's homestead, and to set aside the perfection of Carol Dale's lien on property in

Norman County, and on Carol Dale's motion for relief from the automatic stay. Appearances were as follows: Kevin Duffy for the debtor; and Robert Bigwood, Robert Vaaler and John Foster for Carol Dale.

### FACTS

On September 16, 1992, a judgment and decree was entered by the Polk County District Court, dissolving the marriage of the debtor and Carol Dale ("the dissolution decree"). The dissolution decree made a division of the marital property of the debtor and Carol Dale, and ordered the debtor to pay spousal maintenance in the amount of $750 per month and child support in the amount of $315 per month.

Among the marital property divided by the dissolution decree were eight parcels of real property, five of which are located in Polk County and three of which are located in Norman County. One of the parcels in Polk County was the debtor and Carol Dale's homestead during their marriage. The dissolution decree found that the debtor held title to all such parcels of real property, and that the parcels had been acquired during the marriage with marital assets. The eight parcels of real property were awarded to the debtor, and Carol Dale was ordered to quitclaim her interests therein to the debtor.

The judgment and decree further ordered the debtor to pay Carol Dale $200,000 for her interest in the marital property awarded to the debtor. Payments were to be made in semiannual installments of $35,000, commencing on October 15, 1992, bearing interest at 8%. With each $35,000 payment, maintenance payments were to be reduced by $150, and child support was to be increased by $50. Carol Dale was also awarded a lien against the eight parcels of real property as security for the $200,000 obligation, and she was directed to record such lien with the appropriate county recorder.

On September 21, 1992, Carol Dale filed a certified copy of the dissolution decree with the recorder's office for Polk County. Later that same day the debtor filed the present chapter 11 petition. On September 22, 1992, having no knowledge of the bankruptcy filing, Carol Dale filed a certified copy of the judgment and decree with the Norman County recorder's office. The debtor did not make the $35,000 payment due on October 15, 1992.

### POSITIONS OF THE PARTIES

The debtor now moves under section 522(f) of the Bankruptcy Code to avoid Carol Dale's lien on the homestead property in Polk County, asserting that the lien impairs his homestead exemption. *See* Minn.Stat. § 510.02. The debtor also moves to void the filing of the dissolution decree with the Norman County recorder, arguing that the filing was a post-petition act to perfect a lien against property of the estate in violation of the automatic stay. *See* 11 U.S.C. § 362(a)(4).

Carol Dale opposes the lien avoidance motion arguing that the lien cannot be avoided because it did not fix upon any property interest belonging to the debtor. *See Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991); *Boyd v. Robinson,* 741 F.2d 1112 (8th Cir. 1984). Carol Dale opposes the motion to void the filing of the judgment in Norman County arguing that the filing was not an act of perfection, and alternatively that if it was an act of perfection, such act was not taken against property of the estate.

Carol Dale moves for relief from the automatic stay under 11 U.S.C. § 362(d), asserting that her lien interest is not being adequately protected, and further that the stay should be lifted to allow her to seek modification of the judgment and decree based on changed circumstances.

### ANALYSIS

#### A. Lien Avoidance

Section 522(f)(1) allows the debtor to avoid:

the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section.

11 U.S.C. § 522(f)(1). In *Farrey v. San-derfoot*, — U.S. —, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the Supreme Court held that the use of the term "fixing" in section 522(f)(1) means that a judicial lien which impairs an exemption to which the debtor would have been entitled can only be avoided if the debtor had a pre-existing interest in property and the lien subsequently fixed upon such interest. *Farrey*, — U.S. at —, 111 S.Ct. at 1829.

The Supreme Court further held that the issues of whether the debtor held a pre-existing interest and whether the lien fixed upon such interest are matters ·of state law. *Farrey*, — U.S. at —, 111 S.Ct. at 1830. The lien in *Farrey* was created by a dissolution decree that granted the former couple's homestead to the debtor and created a lien against the homestead in favor of the debtor's spouse. Looking to state law, the Court concluded that the lien could not be avoided under section 522(f)(1). The parties owned the homestead as joint tenants and they stipulated that under Wisconsin law a dissolution decree extinguishes the joint tenancy interests and creates new interests in their place. The Court concluded that the debtor therefore received his new fee simple interest in the homestead subject to his spouse's lien, and accordingly the lien never fixed upon a pre-existing interest of the debtor. *Farrey*, — U.S. at —, 111 S.Ct. at 1830–31.

The debtor in the present case argues that the facts herein are distinguishable from *Farrey* because he held sole title to the homestead during the marriage, while the debtor in *Farrey* held the homestead in joint tenancy with his spouse. Since the debtor herein was the sole owner, he asserts that Carol Dale had no interest in the homestead, and therefore the lien must have fixed upon his pre-existing interest.

This argument is refuted by the holding of the Eighth Circuit Court of Appeals in *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir. 1984). In *Boyd*, the debtor was the sole owner of the homestead prior to her marriage, and she continued sole ownership throughout the marriage. When the debtor's marriage was dissolved, the dissolution decree awarded the homestead to the debtor, granting her spouse a lien against the homestead. Looking to Minnesota law, the Eighth Circuit Court of Appeals found that even though title was held solely in the debtor's name, the debtor's spouse had a pre-existing interest in the homestead in three different respects: (1) the spouse had rights to reject a conveyance of the homestead, and certain inchoate interests under Minn.Stat. §§ 507.02 and 525.145; (2) the spouse had interests created by his investment of non-marital funds into the homestead during the marriage; and (3) the spouse had an undivided interest in the homestead equity acquired with marital assets during the marriage. *Boyd* at 1114.

■ Thus, under *Boyd*, the fact that the debtor in the present case held title individually does not mean that Carol Dale had no interest in the real estate. The dissolution decree found that even though the real estate was titled in the debtor's name, all of the parcels were acquired during the marriage, with marital assets, and therefore constitute marital property. Accordingly, Carol Dale has a pre-existing undivided interest in such property, as well as other spousal homestead interests under Minn.Stat. §§ 507.02 and 525.145. Therefore, this case is not distinguishable from *Farrey* on the grounds that the debtor held title to the homestead individually.

■ Having concluded that each spouse held an undivided interest in the homestead, I must next determine whether, under Minnesota law, Carol Dale's lien fixed upon the debtor's pre-existing interest. Relying on the Court of Appeals holding in *Boyd*, Carol Dale argues that since the lien was created to protect her pre-existing interest in the homestead, the lien did not fix upon the debtor's interest.

Carol Dale's argument appears to have merit under the Court of Appeals' holding in *Boyd*. When the debtor in *Boyd* filed her bankruptcy petition, she sought to avoid her spouse's lien, arguing that it fixed upon her interest in the homestead and impaired her homestead exemption. When the case was before the District Court for the District of Minnesota, the

court concluded that the debtor's spouse had an undivided interest in the homestead equity, and that the lien was imposed to protect such equity interest. Although the debtor would be entitled to an exemption for *her own* interest in the homestead, she had no right to an exemption for *her spouse's* equity interest. Since the lien merely protected the pre-existing interest of the debtor's spouse, it did not impair an exemption "to which *the debtor* would have been entitled." Accordingly, the lien was not avoidable under section 522(f)(1). *Boyd v. Robinson (In re Boyd),* 31 B.R. 591, 595 (D.Minn.1983).[1]

The Court of Appeals affirmed, but it did so on a different ground. The Court of Appeals did not address the District Court's conclusion that since the lien protected the debtor's spouse's pre-existing interest in the homestead, the lien did not impair the debtor's homestead exemption. The court concluded instead that the spouse's lien *"does not attach to an interest* of [the debtor], but rather protects a pre-existing interest of the [spouse] in the homestead that was created under Minnesota law prior to the marriage dissolution." *Boyd,* 741 F.2d at 1114 (emphasis added). Carol Dale's argument therefore has merit under the Court of Appeals' holding in *Boyd.* Since she too had a pre-existing interest in the homestead and the lien was created to protect such interest, *Boyd* would require a conclusion that her lien did not attach to the debtor's interest in the homestead.

Unfortunately, the Court of Appeals did not explain how the fact that the lien protected a pre-existing interest of the debtor's spouse led it to the conclusion that the lien did not attach to the debtor's interest in the homestead. The court simply made the conclusory statement that the lien did not attach to the debtor's interest "but

rather" protected the interest of the debtor's spouse.[2] *Boyd* at 1114. However, Justice Kennedy's concurring opinion in *Farrey* suggests that the Court of Appeals conclusory statement in *Boyd* may be inaccurate. Justice Kennedy drew a distinction between jurisdictions in which a dissolution decree extinguishes the spouses' prior interests, and jurisdictions in which the spouses' interests in the homestead remain intact and one spouse's interest is merely conveyed to the other spouse. In jurisdictions where the interests remain intact, a dissolution decree could indeed fix a lien upon the debtor's homestead interest in order to protect the interest of the debtor's spouse. The mere fact that the lien was imposed to protect the pre-existing interest of the debtor's spouse would not eviscerate the fact that the lien had been fixed upon the debtor's pre-existing interest. If a dissolution decree did fix a lien in this manner, then it could be avoided under section 522(f)(1). *Farrey,* —— U.S. at ——, 111 S.Ct. at 1832 (Kennedy, J., concurring).

Justice Kennedy observed that one way of avoiding such a result would be for dissolution decrees to direct that "conveyances [be made] in a certain sequence." *Farrey,* —— U.S. at —— – ——, 111 S.Ct. at 1832–33 (Kennedy, J., concurring). One such sequence would be where the dissolution decree fixed the lien upon the interest of the debtor's spouse and then conveyed the already encumbered interest to the debtor. In fact, in the body of the opinion in *Farrey,* the Court observed in *dicta* that if Wisconsin law actually left the interests of the parties intact, the lien still could not be avoided because the dissolution decree simultaneously fixed the lien upon the interest of the debtor's spouse and transferred the encumbered interest to the debtor. *See Farrey,* —— U.S. at ——, 111 S.Ct. at 1831.

---

1. The District Court also concluded that the lien could not be avoided on two alternative grounds. First, the court concluded that the lien was not a "judicial" lien; and second, the court concluded that rights created by marriage dissolutions are beyond the purview of the Bankruptcy Code.

2. Perhaps the holding is a result of inartful drafting by the Court of Appeals. The court may have intended to conclude that "the lien imposed by the state court does not *impair an exemption* of the debtor's, because it protects a pre-existing of the spouse's in the homestead." I cannot, however, rewrite the Court of Appeals' holding based on such speculation.

Based on the *Farrey dicta* and Justice Kennedy's observations, the conclusion in *Boyd* that the lien did not fix upon the debtor's interest in the homestead solely because it was created to protect the interest of the debtor's spouse is probably overly broad. However, that does not necessarily mean that *Boyd* reached the wrong result. If, under Minnesota law, the pre-existing interests of each spouse are extinguished by the dissolution decree and are replaced with the new interests, then the result reached in *Boyd* would still be consistent with *Farrey* because the lien would not have fixed upon the debtor's pre-existing interest. If, instead, Minnesota law leaves the spouses' interests intact and the dissolution decree conveys one spouse's interest to the other, then the result reached in *Boyd* still may be consistent with *Farrey*, depending on how the dissolution decree in *Boyd* structured the conveyance. If the record in *Boyd* established that the dissolution decree fixed the lien upon the pre-existing interest of the debtor's spouse prior to transferring such interest to the debtor, or if the two events occurred simultaneously, then there would be no conflict between *Boyd* and *Farrey*. If, however, the divorce decree imposed the lien on the entire property, prior to transferring the interest of the debtor's spouse to the debtor, then the result in *Boyd* would be inconsistent with Justice Kennedy's concurring opinion in *Farrey*, since Justice Kennedy concluded that the lien would fix upon the debtor's interest in such case.

In spite of the potential conflicts between *Boyd* and Justice Kennedy's concurring opinion in *Farrey*, I conclude that I am still bound by the broad holding of *Boyd*. Even to the extent that Minnesota law and the facts of *Boyd* were such that the result reached in *Boyd* runs counter to Justice Kennedy's concurring opinion in *Farrey*, *Boyd* is not overruled because the actual holding of *Farrey* was limited to the case where state law extinguishes the pre-existing interests of the parties and grants new interests. Accordingly, I must hold that the lien in the present case did not fix upon the debtor's pre-existing interest in the homestead because Carol Dale had a pre-existing interest under Minnesota law and the dissolution decree created the lien to protect such interest.

■ I further conclude that finding the lien in the present case to be unavoidable under section 522(f)(1) is consistent with *Farrey* regardless of whether Minnesota law extinguishes the spouses' pre-existing interests or merely conveys one spouse's interest to the other. If Minnesota law is such that the debtor and Carol Dale's pre-existing interests were extinguished, the Supreme Court's holding in *Farrey* would lead to a conclusion that the lien did not fix upon the debtor's pre-existing interest. If Minnesota law is such that the parties' pre-existing interests remained intact, then the Court's *dicta* in *Farrey* and Justice Kennedy's analysis would suggest that I look to the sequence in which the dissolution decree fixed the lien and conveyed the property interests in the present case. I find the following passage from the dissolution decree to be dispositive in that regard:

> Except for the fee and remainder interests of the children, the [debtor] *shall receive all right, title and interest in and to the following described real property subject to* all liens and encumbrances thereon. This interest shall be subject to the cash award of marital property provided for [Carol Dale] herein and [Carol Dale's] award shall be a first and valid lien against all of respondent's real property which [Carol Dale] may, and shall, preserve, by filing appropriate notice of lien with the County Recorder. [Carol Dale] shall immediately upon entry of Judgment herein *execute Quit Claim Deeds necessary to transfer her interest in said properties, subject to her lien thereon.*

(emphasis added). Such language appears to contemplate a transfer of Carol Dale's undivided interest in the property to the debtor subject to her lien; *i.e.*, the decree appears to impose the lien on Carol Dale's interest which is then transferred to the debtor. Following the Court's *dicta* in *Farrey*, and Justice Kennedy's reasoning in his concurrence, I would conclude that the dissolution decree fixed the lien upon

Carol Dale's pre-existing interest, rather than the debtor's pre-existing interest.

### B. Stay Violation

■ Section 362(a)(4) of the Bankruptcy Code stays "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). Any act taken in violation of the automatic stay is voidable by the debtor. *In re Oliver,* 38 B.R. 245, 248 (Bankr.D.Minn.1984).

■ The recording of the dissolution decree was an act to perfect a lien against estate property and therefore was in violation of the automatic stay. The term "perfection," not defined by the Bankruptcy Code, is a term of art under the U.C.C. referring to the acts that must be performed in order to preserve the priority of a security interest in personal property. Minn.Stat. §§ 336.9–302, 336.9–304, 336.9–305, 336.9–306. As used in the Bankruptcy Code however, the term has been given a broader application, referring generally to the acts that must be performed in order to provide notice of an interest in property to third parties and establish the priority of such interest. *See Landmark v. Schaefbauer (In re Landmark),* 41 B.R. 766, 769–70 (Bankr.D.Minn.1984). With respect to a lien against real property, perfection requires that the lien be filed with the appropriate county recorder. *Id.* In the present case, the dissolution decree granted Carol Dale a lien against the Polk and Norman County properties, and directed Carol Dale to file a notice of such lien with the county recorders. Her act of filing the judgment in Norman County the day after the chapter 11 petition was filed was an act of perfection.

Carol Dale argues that her filing was not an act of perfection because the lien was perfected without any filing. She first relies on the language of the divorce decree which directs her to file notice of the lien with the county recorded in order to "preserve" the lien. Since the decree says "preserve" rather than "perfect," she argues that the filing was not an act of perfection. She has cited no authority suggesting that an order creating a lien can somehow make the lien self-perfecting, and

I therefore reject such argument. She also relies on section 287.03 of the Minnesota Statutes which provides that "a decree of marriage dissolution or an instrument made pursuant to it, relating to real estate, shall be valid as security for any debt." She argues that this statute contemplates that a lien granted in a divorce decree will be valid with no further action by the lienor, and therefore perfection is not required. This argument is flawed because it confuses the concepts of the "validity" of a lien and the "perfection" of a lien. A lien can be valid and enforceable as between a debtor and creditor without being perfected. The act of perfection simply establishes the priority of the lien as against third parties. *See Landmark,* 41 B.R. at 768–69. Accordingly, the language of section 287.03 regarding the validity of liens created by divorce decrees does not speak to the issue of perfection.

Carol Dale also argues that even if recording is an act of perfection, it is not an act of perfection against property of the estate. She asserts that since the lien did not fix upon the debtor's pre-existing interest in any of the real property, the act of perfection is against her own interest in the real estate rather than an interest of the estate. However, this argument ignores the fact that the dissolution decree awarded the homestead property to the debtor and ordered Carol Dale to quitclaim her interest therein to the debtor. While the lien may not have fixed upon the debtor's pre-existing interest in the real estate, it certainly encumbers the interest held by the debtor after the dissolution decree. The estate's interest is similarly encumbered, and perfection of the lien is an act of perfection against property of the estate.

### C. Relief From the Automatic Stay

■ Relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code can be granted for "cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(c). Carol Dale argues that cause exists for lifting the stay in this case in two different respects. First, she argues that changed cir-

cumstances exist in this case, requiring the Polk County District Court to reexamine the dissolution decree since it no longer effectuates an equitable disposition of the parties' marital property. The changed circumstance asserted by Carol Dale is that the debtor failed to make the October 15, 1992 property settlement payment of $35,000. However, I do not consider this circumstance sufficient to grant Carol Dale relief to reopen the dissolution proceedings. The dissolution decree provided that the $750 monthly spousal maintenance payments would only decrease after each property settlement payment was made. Any failure by the debtor to make the property settlement payments therefore results in an increased liability for spousal maintenance. Thus, the dissolution decree anticipated the possibility that the debtor might not make timely property settlement payments, and I do not consider his failure to so a sufficient change in circumstances to justify allowing Carol Dale to reopen the dissolution proceedings.

▆ Second, Carol Dale argues that if I find the recording of the decree with the Norman County recorder to voidable, then the lien granted to her by the dissolution decree is not adequately protected because the debt secured by the lien equals $200,000 while the value of the Polk County property is only $212,000. I conclude that the $12,000 equity cushion in the Polk County property is not sufficient to adequately protect Carol Dale's lien. The equity cushion only amounts to 6 percent of the debt, and the property valuation is significantly outdated as it was done in connection with the dissolution decree in September of 1992. Accordingly, cause exists to grant Carol Dale relief from the automatic stay to properly record the dissolution decree with the Norman County recorder's office.

## CONCLUSIONS

The lien granted in the dissolution decree is not avoidable under section 522(f)(1) of the Bankruptcy Code because such lien did not fix upon a pre-existing interest of the debtor in property.

Carol Dale's act of filing a copy of the dissolution decree with the Norman County recorder's office the day after the filing of the chapter 11 petition was an act to perfect a lien against property of the estate and as such violated the automatic stay.

There are no changed circumstances justifying relief from the automatic stay to reopen the dissolution proceedings in Polk County District Court. However, the $12,000 equity cushion does not adequately protect Carol Dale's lien, so there are grounds for relief from the stay to allow Carol Dale to perfect her lien against the real estate in Norman County.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The debtor's motion to avoid Carol Dale's lien against the debtor's homestead pursuant to section 522(f)(1) of the Bankruptcy Code is DENIED;

2. The debtor's motion to void the filing of the dissolution decree with the Norman County recorder's office is GRANTED, and such filing is declared to be VOID as a violation of the automatic stay;

3. Carol Dale's motion for relief from the automatic stay as to the real property located in Norman County is GRANTED IN PART, and Carol is authorized to properly file the dissolution decree with the Norman County recorder's office; and

4. Carol Dale's motion for relief from the automatic stay is DENIED in all other respects as to the real property located in Polk and Norman Counties.