**In re Michael L. BYLER, Debtor.**

**Michael L. BYLER, Plaintiff,**

**v.**

**Terresa Alberta BYLER, Defendant.**

**Bankruptcy No. 93–00398–C.
Adv. No. 93–0197–C.**

United States Bankruptcy Court,
N.D. Oklahoma.

Nov. 4, 1993.

William P. Huckin, Jr., Tulsa, OK, for plaintiff.

Tom Filbeck, Sapulpa, OK, for defendant.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on to be heard upon the adversary complaint filed by Michael L. Byler ("Debtor") to determine the avoidability and dischargeability of two items awarded to Terresa Alberta Byler ("Defendant") under the parties' divorce decree. The parties stipulated to the facts and were directed to file authorities in support of their positions. Upon review of the materials submitted, the Court finds as follows.

## FINDINGS OF FACT

Debtor and Defendant were married in June 1987. At that time, Debtor was the owner of the family residence and accompanying real estate. During the marriage, the parties added an additional room onto the house which cost approximately $8,000.00. Both parties were employed during the marriage, however, it is unclear how much money each party contributed to the improvement.

The parties were granted a divorce on January 12, 1993. In the Decree of Divorce, the state court judge awarded the house to Debtor and granted Defendant a $4,000.00 lien against the house. The sum of $4,000.00 is one-half of $8,000.00 and the Court infers that the judge was awarding Defendant one-half of the value of the improvement made to the house during the marriage.

In the Decree of Divorce, the state court judge also awarded Defendant the sum of $11,341.31 from Debtor's 401(k) retirement account. Debtor was ordered to pay this amount within ten days from the date of the order or entry of judgment in that amount would automatically follow. The decree sets forth the award to Defendant as follows:

[Defendant] is awarded $11,341.31 from the [Debtor's] 401K retirement account at his place of employment, and the [Debtor] is hereby ordered to pay said amount to the [Defendant] within ten days of the date of this order or, thereafter, execution may be had upon this judgment. It is further ordered, however, if the [Defendant] does not reinvest said funds, according to law, in a retirement plan of her own that will preserve the tax immunity of said investment, then the [Defendant] shall be responsible for any and all tax penalties for said failure to reinvest.

No payment was made and Debtor filed for relief under Chapter 7 of the Bankruptcy Code on February 9, 1993. Debtor listed his house and retirement account on his bankruptcy schedules and claimed both as exempt property. There were no assets available for distribution to creditors and Debtor received a discharge on May 26, 1993. Debtor thereafter commenced this adversary proceeding seeking to avoid Defendant's $4,000.00 lien against his homestead and to discharge the $11,341.31 obligation as property division.

## CONCLUSIONS OF LAW

■ The first issue is whether Defendant's lien on Debtor's homestead can be voided under § 522(f) of the Bankruptcy Code.

Section 522(f)(1) provides in part as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption ... if such lien is—

(1) a judicial lien....

Debtor contends that Defendant's lien is a judicial lien which impairs his homestead exemption and should be avoided.

An analysis of § 522(f)(1) must begin with the Supreme Court's decision in *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). There, the parties owned a home as joint tenants prior to their divorce. The divorce court awarded the home to Sanderfoot and granted Farrey a lien against the home in order to equalize the property division. Sanderfoot later sought to avoid Farrey's lien in bankruptcy pursuant to § 522(f)(1) of the Bankruptcy Code.

The Supreme Court held that Sanderfoot could not defeat the lien granted to Farrey in exchange for her joint tenancy interest in the real estate. In reaching this conclusion, the Court made the following statements:

> [U]nless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1).
>
> \* \* \* \* \* \*
>
> The decree instead transferred Farrey's previous interest to Sanderfoot and, again simultaneously, granted a lien equal to that interest.... Sanderfoot thus would still be unable to avoid the lien in this case since it fastened only to what had been Farrey's pre-existing interest, and this interest Sanderfoot would never have possessed without the lien already having fixed.
>
> \* \* \* \* \* \*
>
> Farrey obtained the lien not to defeat Sanderfoot's pre-existing interest in the homestead but to protect her own pre-existing interest in the homestead....

500 U.S. at ――, 111 S.Ct. at 1829, 1831, 114 L.Ed.2d at 344, 347.

The *Sanderfoot* case essentially holds that when one party to a divorce proceeding is granted the complete title to real estate free and clear of the other party's interest and the other party is granted a lien to replace the lost interest, this lien cannot be avoided under § 522(f). The analysis is that the debtor is granted a completely new interest in the real estate under the divorce decree and simultaneously the other party is grant-ed a lien to replace the interest he or she lost. Since the debtor did not have his new interest created by the decree prior to the fixing of the lien, the lien cannot be defeated.

■ In the present case, Debtor held complete fee simple title to the home prior to the divorce. Under Oklahoma law, however, Defendant had an equitable interest equal to one-half of the $8,000.00 improvement. In *Ford v. Ford*, 766 P.2d 950 (Okla.1988), the court pointed out that "[w]here one spouse brings separate property to a marriage and an increased value of the property occurs as a result of joint efforts of the husband and wife, the other spouse is entitled to an interest in the appreciation of the property." *Id.* at 952 (citation omitted).[1]

In the Decree of Divorce, Debtor was given a new interest in the property free and clear of Defendant's equitable interest. Defendant, however, was granted a lien in the amount of $4,000.00 to replace the equitable interest that was transferred to Debtor. Under *Sanderfoot*, this lien cannot be defeated under § 522(f)(1) of the Bankruptcy Code because the interest to which it attached was not owned by Debtor prior to the attaching of the lien. *See also In re Dale*, 152 B.R. 573 (Bankr.D.Minn.1993); and *In re Haynes*, 157 B.R. 646 (Bankr.S.D.Ind.1992).

■ The second issue before the Court concerns the award to Defendant of $11,-341.31 representing her interest in Debtor's retirement account. Debtor was ordered to pay Defendant her half of the money within ten days of entry of the Decree of Divorce. Instead of paying, Debtor filed bankruptcy and has taken the position that this is a debt for property settlement which is dischargeable in bankruptcy. Defendant contends that the award to her of one-half of Debtor's retirement account is her separate property and therefore is not a part of Debtor's estate.

The law is clear that a retirement fund created during the marriage is marital property subject to division. *See Carpenter v. Carpenter*, 657 P.2d 646 (Okla.1983). In this case, the parties were married for five and one-half years during which time the fund was created. The state court divided Debt-

---

1. *See also Stevenson v. Stevenson*, 680 P.2d 642 (Okla.Ct.App.1984).

or's retirement fund between the parties by determining the present value of the fund at the time of the divorce and splitting it in half. He awarded Defendant her half as her separate property.

The Court has reviewed the case law and finds that the majority of courts hold that an award to a debtor's spouse of part of a debtor's pension benefits becomes the spouse's separate property upon entry of the decree. *See In re Sadowski,* 144 B.R. 566 (Bankr.M.D.Ga.1992); *In re Ledvinka,* 144 B.R. 188 (Bankr.M.D.Ga.1992); *In re Resare,* 142 B.R. 44 (Bankr.D.R.I.1992); *In re Zick,* 123 B.R. 825 (Bankr.E.D.Wis.1990); *In re Stolp,* 116 B.R. 131 (Bankr.W.D.Wis.1990).

The decree in the instant case did not create a debt from Debtor to Defendant which is dischargeable in bankruptcy but instead made one-half of the retirement fund Defendant's separate property. The $11,-341.31 is Defendant's property and Debtor is ordered to comply with the Decree of Divorce and transfer it to her.

A separate Judgment Order will be entered consistent with the Memorandum Opinion.