### In re John MATRONE, Debtor.

Bankruptcy No. 93–14268.

United States Bankruptcy Court, N.D. New York.

June 7, 1995.

Michael J. O'Connor, Albany, NY, for debtor.

Gregory Harris, Chapter 7 Trustee, Albany, NY.

Louis J. Testa, Albany, NY, for Bank.

1. Hon. Barry S. Schermer, Chief United States Bankruptcy Judge, Eastern District of Missouri sitting by special designation.

2. The Judgment including costs and fees was for $209,853.10.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Chief Judge.

### INTRODUCTION

In this case the Court must decide if a confession of judgment entered into between the Debtor and the Bank for consideration results in a judicial lien subject to avoidance under 11 U.S.C. § 522(f)(1), or a consensual lien which is not subject to avoidance.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(K) & (O).

### STATEMENT OF FACTS

This case comes before the Court [1] on the Motion to Avoid Lien filed by the debtor, John Matrone, ("Debtor"). First National Bank of Scotia, ("Bank") filed an Opposition to the Motion. After a hearing, the Court took the matter under submission in order to analyze and review the cases cited by counsel.

Debtor was at one time the president of Cimm, Inc. and was the co-maker of four promissory notes between the Bank and Cimm, Inc., which aggregate $220,000. In exchange for forbearance on collection of the notes, the Debtor entered into a Confession of Judgment for $209,668.10 [2] in the State of New York, Supreme Court, County of Schenectady. The Affidavit of Confession of Judgment indicates that the Debtor authorized entry of the judgment in Schenectady and Rennselaer counties. [3]

Debtor filed his Chapter 7 bankruptcy petition on November 12, 1993 listing his home-

3. In New York, as in most states, a judgment by confession, when entered in the county records, creates a lien against all real property owned by the judgment-obligor in that county. N.Y.Civ. Prac.L. & R. § 3218 (McKinney 1983).

stead as 233 Greenwood Avenue, Schenectady, New York (Rennselaer County) and listing the Confession of Judgment as a lien against his homestead. The Bank obtained relief from the automatic stay to liquidate its judgment by a sale of the property. Thereafter, the Debtor moved to avoid the lien to the extent that the Bank's lien impaired the Debtor's $10,000 homestead exemption,[4] thereby seeking to withhold $10,000 from the sale proceeds for its fresh start.

## DISCUSSION

### I. Judicial Liens

A substantial purpose of the bankruptcy laws is to provide an individual debtor a fresh start from the burdens of debt. The primary means by which the bankruptcy laws do so is by discharging the debtor from debts which cannot be paid from the sum of his property. A debtor, however, is not required to turn over all of his property. He is allowed to keep certain items of property including a portion of his homestead as set out by the laws of New York. See 11 U.S.C. § 522(b)(1) which provides individual states with the opportunity to "opt out" of the federal exemption scheme.[5]

In furtherance of the fresh start, the Bankruptcy Code[6] permits a debtor to avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have otherwise been entitled. § 522(f)(1). A debtor is not, however, entitled to avoid the fixing of a consensual lien, such as a mortgage, on his homestead.

In this case, the Bank contends that the Confession of Judgment is more in the nature of a consensual lien than a judicial lien. Bank argues that because it agreed to forebear collection on the four promissory notes, it gave value in exchange for the Confession of Judgment. As such, the Confession of Judgment is more similar to a mortgage than

a judicial lien. Bank points to the case of *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir. 1984) in support of its position.

The Debtor relies on the plain language of the statute. Section 101(36) defines judicial lien as a "lien obtained by judgment, levy, sequestration or other legal or equitable process or proceeding". Moreover, every court that has addressed this issue has found that a confession of judgment is a judicial lien subject to avoidance under § 522(f). *See e.g., In re Gardner,* 685 F.2d 106 (3rd Cir.1982); *In re Ashe,* 712 F.2d 864 (3rd Cir.1983); *In re Clifton,* 35 B.R. 785 (Bankr.D.N.J.1983); *In re Branton,* 24 B.R. 44 (Bankr.D.Vt.1982).

### II. Application of Law

The Debtor's arguments are persuasive. The language of § 101(36) is unambiguous. There is no dispute that the Confession of Judgment entered upon the records of the county is a "lien obtained by judgment." This tight fit into the statutory framework should be enough to overcome the Bank's assertions.

Furthermore, the cases cited by the Debtor address the shortcomings of the Bank's theory. While forbearance of collection activities is certainly consideration, the Confession of Judgment has more dissimilarities to a consensual lien than similarities. Unlike a mortgage, the Confession of Judgment is "a general and not a specific lien." *In re Ashe,* 712 F.2d at 864 (Becker, J. concurring) (quoting other cases). Bank has secured its rights to collect from all of the real property of the Debtor in Schenectady and Rennselaer counties. A mortgagor's remedy would only arise against the specific property in question.

Additionally, the lien which arises from the Confession of Judgment is created by the judgment itself. In the case of a mortgage, the lien is created by a signed agreement outlining the understanding of the parties.

---

**4.** In New York, individual debtors are permitted to exempt $10,000 in property owned as a principal residence. N.Y.Civ.Prac.L. & R. § 5206 (McKinney 1991).

**5.** New York opted out of the § 522(d) exemptions pursuant to § 522(b) on September 2, 1982.

N.Y.Debt. & Cred.L. §§ 282–284 (McKinney Supp.1982–1983).

**6.** The Bankruptcy Code is 11 U.S.C. §§ 101–1330. All references are to Title 11 unless otherwise indicated.

*In re Ashe,* 669 F.2d 105, 109 (3rd Cir.1982). This distinction is significant:

> When Congress wrote the definition of judicial lien and security interest, the cognovit note [7] problem was not unknown. Under prior Sections 60 and 61 of the Bankruptcy Act dealing with voidable preferences including liens obtained by judgment, those obtained by confession were considered to be ordinary judgment liens. Given that background, and in the absence of any indication in the legislative history of the Bankruptcy Reform Act that something else was intended, we would not be justified in rewriting Section 522(f)(1) and Sections 101(27) and (28) [now §§ 101(36) & (37) ] so as to treat cognovit note judgment liens differently from all other judgment liens.

*In re Ashe,* 669 F.2d at 109 *citations omitted.*

This Court is persuaded that the Confession of Judgment obtained in this case should be treated as a judicial lien subject to avoidance under § 522(f)(1). Although bearing some similarity to a consensual lien, the Court will not ignore the plain meaning of the statute nor the well-reasoned opinions which have already addressed this issue.[8]

The Bank further notes in its opposition papers that there is no evidence of the homestead's value such that this Court can determine if, in fact, the lien even needs to be avoided, since it may only be avoided to the extent that it impairs the Debtor's exemption. The Court does not have sufficient information to make a determination as to the value of the homestead, but will conduct such a hearing if the parties cannot agree on a value.

Upon consideration of the foregoing, it is

ORDERED that the Debtor is permitted to avoid the lien of the First National Bank of Scotia pursuant to § 522(f)(1) to the extent that such lien impairs his $10,000 homestead exemption;

IT IS FURTHER ORDERED that the parties set this matter for a valuation hearing if they are unable to determine the value of the homestead and the extent of the Debtor's impaired exemption therein.

---

7. A cognovit note is an ancient term which has the same meaning as a confession of judgment. Black's Law Dictionary 712 (West 1983); 3 William Blackstone, Commentaries *397.

8. The case cited by the Bank is unpersuasive. *Boyd v. Robinson,* concerned the division of property upon dissolution of a marriage and the husband's rights in the property after his former wife filed bankruptcy. 741 F.2d 1112, 1113 (8th Cir.1984). The Eighth Circuit merely held that the husband's $7,000 interest in the homestead could not be avoided because that portion of the homestead was not property of the wife's bankruptcy estate, but was property of the husband. *Id.* at 1113–1115.