**In re Joanne CRONKHITE, Debtor.**

**No. 03–40307–JBR.**

United States Bankruptcy Court,
D. Massachusetts.

March 17, 2003.

Craig T. Ornell, William D. Pate, Ornell Law Office, Worcester, MA, for debtor.

Paul F. Vozella, Melia & Osol, Worcester, MA, for creditor.

## MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

JOEL B. ROSENTHAL, Bankruptcy Judge.

### I. Background

The Debtor is moving to avoid a judicial lien pursuant to 11 U.S.C. § 522(f). The property is valued at $200,000 and has a mortgage of $96,000 that is junior to the judicial lien of $15,979.46. The Debtor has claimed an exception of $104,000 leaving $15,979.46, the full amount of the judicial lien, "impaired." The judicial lien creditor has objected on two grounds: (1) the lien is against the Debtor's former husband's interest in the property and (2) the judicial lien is superior to a consensual lien the Debtor placed on the property. The facts are not in dispute.

The Debtor and her then-husband acquired the property as tenants by the entirety in 1986. The judicial lienholder recorded a writ of execution against the husband's interest on August 8, 1996. On or about November 16, 1998 a Judgment of Divorce Nisi entered. In addition, "[o]n or about November 16, 1998, Joseph Cronkhite and Joanne Cronkhite, still as husband and wife, conveyed their interest to Joanne Cronkhite, individually...." Memorandum at ¶ 5. Based upon the husband's affidavit that there were no liens against the property, a title search was not done and the lien was not discovered.

### II. Discussion

*A. Can the Debtor avoid a lien that attached to her former husband's interest in the property?*

Section 522(f) provides in relevant part: "...the debtor may avoid the *fixing* of a lien on an interest of the debtor in proper-

ty to the extent such a lien impairs an exemption to which the debtor would have been entitled...." (Emphasis added). In applying this concept to liens arising from separation agreements, courts struggled with different theories as to how such liens actually fixed. *See Boyd v. Robinson,* 741 F.2d 1112 (8th cir.1984) (split court held liens granted in a divorce attach to non-debtor's pre-existing interest not to the debtor's interest and therefore lien is not avoidable). While several bankruptcy courts adopted the *Boyd* approach, it was specifically rejected by the Seventh, Ninth, and Tenth Circuits. *See Farrey v. Sanderfoot,* 899 F.2d 598 (7th Cir.1990) (split decision); *In re Pederson,* 875 F.2d 781 (9th Cir.1989) (split decision); *Maus v. Maus,* 837 F.2d 935 (10th Cir.1988). Subsequently the Supreme Court granted certiorari in *Sanderfoot* and reversed the Seventh Circuit's decision.

The use of the word "fixing" caused the Supreme Court to rule that "unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." *Farrey v. Sanderfoot,* 500 U.S. 291, 296, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991).[1] *Farrey* is a case that is factually similar to the instant one and warrants a more thorough review.

Sanderfoot and Farrey, formerly husband and wife, were divorced in Wisconsin where they resided and owned a marital home. The Court accepted as accurate the parties's characterization that under Wisconsin law, each owned an undivided half interest in the home. As part of the division of assets, Farrey's interest in the marital home was awarded to Sanderfoot but, to equalize the division of assets, Sanderfoot was ordered to make two pay-

ments to Farrey. The court granted Farrey a lien on the property to secure the payments. Sanderfoot, however, made no payments and subsequently filed bankruptcy. He claimed the home as exempt and sought to avoid his ex-wife's lien. The bankruptcy court stated that "Congress intended the avoidance of liens that became fixed after the debtor's acquisition of the property, not before." *In re Sanderfoot,* 83 B.R. 564, 567 (Bankr.E.D.Wis. 1988) (citations omitted). Because the husband acquired a new interest, namely his ex-wife's share of the property and that share came with the wife's lien, the bankruptcy court denied the motion. The district court reversed because it believed that the parties' pre-divorce interests in the property were immediately extinguished by the divorce decree and a new interest simultaneously was created in the husband. The wife then got a lien on the husband's property; thus her lien was a judicial lien on his new interest and therefore subject to avoidance. In other words the district court, although it did not say so expressly, concluded that the husband got his interest first and then the wife's lien attached. The Seventh Circuit agreed and affirmed the district court's decision. The Supreme Court reversed.

In reaching its decision Justice White, writing for the Court explained:

Section 522(f)(1) requires a debtor to have possessed an interest to which a lien attached, before the lien attached, to avoid the fixing of a lien on that interest. The statute does not permit the avoidance of any lien on property, but instead expressly permits avoidance of "the fixing of a lien on an interest of the debtor." A fixing that takes place before the

---

1. Although Farrey was decided before Section 522(f) was amended in 1994, the language central to the Court's decision was unaffected by the amendment.

debtor acquires an interest, by definition, is not on the debtor's interest.

*Id.* at 291, 111 S.Ct. at 1826.

As further explained in Justice Kennedy's concurring opinion [2]

I agree with the Court's holding that a debtor cannot use § 522(f)(1) of the Bankruptcy Code to avoid a lien on an interest the debtor acquired after the lien attached. I agree also with the Court's determination that the respondent conceded what we all now know to be the key point in this case. In describing the effect of the Outagamie County Circuit court's decree on the real property in question, the husband stated in his brief before this Court:

"Prior to the judgment of divorce, the parties held title to the real estate in a joint tenancy, each holding a pre-existing undivided one-half interest. At the point that the divorce court issued its property division determination, those property rights were extinguished and new rights were put in place." ...

This concession is fatal to the argument that respondent must make to prevail here, which is that the judicial lien fixed upon his pre-existing interest in the property.

*Id.* at 301–02, 111 S.Ct. at 1831–32 (Kennedy, J. concurring).

In the instant case, the Debtor's statement in her Memorandum that "[o]n or about November 16, 1998, Joseph Cronkhite and Joanne Cronkhite, still as husband and wife, conveyed their interest to Joanne Cronkhite, individually..." is just as fatal to her argument. She got a new interest, one that came encumbered with the judicial lien. It makes any labyrinthine discussion of tenancies by the entirety under Massachusetts law unnecessary.

**B.** *Can the Debtor avoid a judicial lien that is superior to a consensual lien?*

In light of the answer to first question, the Court need not address whether the existence of a junior consensual lien insulates a superior judicial lien from avoidance as some courts held prior to the 1994 amendments to the Bankruptcy Code.

**III. Conclusion**

For the reasons set forth herein, the Motion to Avoid Judicial Lien is DENIED.

A separate order will issue.

---

**2.** Justice Souter joined in the concurrence. Justice Scalia did not write a separate decision but declined to join in one paragraph of the decision not relevant to the facts of this case.